# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CARADIGM USA LLC,      )
)
    Plaintiff,      )
)   **CIVIL ACTION**
v.      )
)   FILE NO.: 1:15-cv-2504-SCJ
PRUITTHEALTH, INC.,      )
f/k/a UHS-PRUITT CORP.,      )   **CONFERENCE IS**
)   **REQUESTED**
    Defendant.      )

## [PROPOSED] CONSOLIDATED PRETRIAL ORDER

Plaintiff Caradigm USA LLC and Defendant Pruitthealth, Inc ("Pruitt"), by and through their undersigned counsel, submit this proposed consolidated pretrial order.

1.

**There are no motions or other matters pending for consideration by the court except as noted:**

On October 9, 2017, Pruitt filed a Motion for Clarification of Summary Judgment Order [Dkt. 93] and a Motion to Withdraw Jury Demand [Dkt. 94]. On October 17, 2017, Pruitt filed a Motion to Exclude Testimony of Plaintiff's Proposed Expert Ian Ratner [Dkt. 95]. These motions are not yet submitted; Caradigm's deadline to respond to Dkts. 93 and 94 is October 23, 2017, and its

deadline to respond to Dkt. 95 is October 31, 2017.  No other motions are currently

pending, but pursuant to the Court's August 22, 2017 scheduling order  [Dkt. 92],

the parties will file motions in limine, objections to deposition designations, and

deposition cross-designations by November 14, 2017.  The parties will file

responses to motions in limine and objections to deposition cross-designations by

December 8, 2017.

2.

**All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.1B).  Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.**

Discovery has been completed.

3.

**Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.**

The parties are correctly identified.

4.

**Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately.)**

1574183.1

This is a diversity case; jurisdiction is based on 28 U.S.C. § 1332(a)(1).

There is no dispute as to jurisdiction.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:       Christopher T. Giovinazzo
giovinazzo@bmelaw.com
Georgia Bar No. 142165
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
(404) 881-4100

Defendant:       Thomas E. Reilly
thomas.reilly@troutmansanders.com
Georgia Bar No. 600195
Troutman Sanders LLP
600 Peachtree Street, NE
Atlanta, Georgia 30308
(404) 885-3000

Other Parties:       None

6.

**Normally, the plaintiff is entitled to open and close arguments to the jury.  (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.**

None.

7.

**The captioned case shall be tried (\_\_\_) to a jury or (\_\_\_\_\_) to the court without a jury, or (\_\_X\_\_) the right to trial by jury is disputed.**

Pruitt's October 9, 2017 Motion to Withdraw Jury Demand [Dkt. 94] argues that no right to jury exists in this case and a bench trial is warranted. Caradigm opposes Pruitt's motion and will timely respond to assert that the case should be tried to a jury.

8.

**State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.**

The parties dispute whether the case will be tried to a jury. To the extent that the case is tried by a jury, no bifurcation is required because liability is already established. This trial is on damages only.

9.

**Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.**

Subject to the Court's ruling on Dkt. 94, the parties do not request any additions to Judge Jones's standard jury qualification questions.

10.

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.**

**The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.**

Subject to the Court's ruling on Dkt. 94, see Attachments "B-1" and "B-2."

11.

**State any objections to plaintiff's voir dire questions:**

**State any objections to defendant's voir dire questions:**

**State any objections to the voir dire questions of the other parties, if any:**

The parties have no objections to each other's proposed voir dire questions.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

The parties do not request additional strikes.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

There is no pending related litigation.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor

recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**By the Plaintiff:**

(1)    What was the entire value of the Agreement to Caradigm as of the date of Pruitt's breach?

(2)    Should Caradigm be awarded prejudgment interest from the date of Pruitt's breach until today, and if so, at what interest rate?

(3)    Should Caradigm be awarded its reasonable attorneys' fees and expenses, and if so, in what amount?

**By the Defendant:**

(1)     Whether Caradigm proves to a reasonable certainty that it is entitled to recover damages as a result of Pruitt's anticipatory breach of the Cloud Services Agreement and, if so, in what amount.

(2)     Whether Caradigm's damages, if any, should be reduced due to Caradigm's failure to mitigate and, if so, in what amount.

(3)     Whether Pruitt is entitled to recoupment against Caradigm's damages, if any, due to the unsatisfactory performance of Caradigm and, if so, in what amount.

(4)     Whether the Limitation of Liability provision contained in Paragraph 23(f) of the Cloud Services Agreement limits Caradigm's recoverable damages, if any, in whole or in part.

(5)     Whether Caradigm is entitled to recover attorney's fees and litigation expenses under Paragraph 10 of the Cloud Services Agreement and, if so, in what amount.

18.

**Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.**

**All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not**

included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

**Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.**

**Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.**

The parties have agreed to mark the Exhibits as follows. This agreement is without prejudice to either party's ability to object to the admissibility of any exhibit.

- Joint Exhibits will be marked starting with the number "1"

- Plaintiff's Exhibits will begin with the number "20"

- Defendant's Exhibits will begin with the number "300"

Attachment "G-0" is the parties' Joint Exhibit List. Attachment "G-1" is Plaintiff's Exhibit list. Attachment "G-2" is Defendant's Exhibit List.

Attachment "J-1" is a list of Plaintiff's objections to the Joint Exhibits and to Defendant's Exhibits. Attachment "J-2" is a list of Defendant's objections to the Joint Exhibits and to Plaintiff's Exhibits.

20.

**The following designated portions of the testimony of the persons listed below may be introduced by deposition:**

<u>**By the Plaintiff**</u>**:**

See Attachment "K-1."

**By the Defendant:**

See Attachment "K-2."

**Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.**

Pursuant to the Court's August 22, 2017 scheduling order [Dkt. 92], the parties will file motions in limine, objections to deposition designations, and deposition cross-designations by November 14, 2017. The parties will file responses to motions in limine and objections to deposition cross-designations by December 8, 2017.

21.

**Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.**

The parties jointly request that the parties each be permitted to submit any desired trial briefs seven calendar days before trial.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

Attachment "I-1" is Caradigm's proposed verdict form.

Subject to the Court's ruling on Dkt. 94, Attachment "I-2" is Pruitt's proposed verdict form.

24.

1574183.1

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.

No such request.

## 25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

## 26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on September 26  2017, to discuss in good faith the possibility of settlement of this case.  The court (____) has or (__X__) has not discussed settlement of this case with counsel.  It appears at this time that there is:

(____) A good possibility of settlement.
(____) Some possibility of settlement.
(_X_) Little possibility of settlement.
(____) No possibility of settlement.

## 27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

Pursuant to the Court's August 22, 2017 scheduling order  [Dkt. 92], the

parties have agreed and the Court has directed that "[t]he case will be set for the

next available civil trial calendar after October 17, 2017."

28.

**The plaintiff estimates that it will require _2_ days to present its evidence. The defendant estimates that it will require _2_ days to present its evidence. The other parties estimate that it will require _N/A_ days to present their evidence. It is estimated that the total trial time is _4_ days.**

29.

**IT IS HEREBY ORDERED** that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

**IT IS FURTHER ORDERED** that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that is supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

**IT IS SO ORDERED** this _____ day of _____, 2017.


_____
**STEVE C. JONES**
**United States District Court Judge**

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

<table>
<tr>
<td>

*/s/ Christopher T. Giovinazzo*
Christopher T. Giovinazzo
Georgia Bar No. 142165
giovinnazo@bmelaw.com
Patrick C. Fagan
Georgia Bar No. 387016
fagan@bmelaw.com
Bondurant Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

**Counsel for Plaintiff Caradigm
USA LLC**

</td>
<td>

*/s/ Thomas E. Reilly*
Thomas E. Reilly
Georgia Bar No. 600195
thomas.reilly@troutmansanders.com
W. Alex Smith
Georgia Bar No. 532647
alex.smith@troutmansanders.com
Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia  30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900

**Counsel for Defendant PruittHealth,
Inc., f/k/a UHS-Pruitt Corp.**

</td>
</tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **[PROPOSED]**

**CONSOLIDATED PRETRIAL ORDER** was electronically filed with the Clerk

of Court using the CM/ECF system which will automatically send e-mail

notification of such filing to counsel of record as follows:

> Thomas E. Reilly, Esq.
> thomas.reilly@troutmansanders.com
> W. Alex Smith, Esq.
> alex.smith@troutmansanders.com
> Troutman Sanders LLP
> 600 Peachtree Street, N.E., Suite 5200
> Atlanta, Georgia  30308

This 17th day of October, 2017.

*/s/ Christopher T. Giovinazzo*
Christopher T. Giovinazzo
Georgia Bar No. 142165

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CARADIGM USA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO.: 1:15-cv-2504-SCJ |
| PRUITTHEALTH, INC., | ) | |
| f/k/a UHS-PRUITT CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ATTACHMENT "A"
Joint Proposed Questions To Jurors
Regarding Their Legal Qualifications To Serve**

The parties do not request any additions to Judge Jones's standard jury

qualification questions.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CARADIGM USA LLC,         )
                       )
     Plaintiff,        )
                       )    CIVIL ACTION
v.                    )
                       )    FILE NO.: 1:15-cv-2504-SCJ
PRUITTHEALTH, INC.,       )
f/k/a UHS-PRUITT CORP.,   )
                       )
     Defendant.      )

**ATTACHMENT "B-1"**
**PLAINTIFF'S VOIR DIRE QUESTIONS**

1.    Does anybody here have any strong opinions about our legal system, and in particular about lawsuits seeking compensation when someone breaches a contract?

2.    Does anyone here believe businesses should never resolve their disputes in court?

3.    Who here feels, whether for religious or other personal reasons, that they might have difficulty awarding monetary damages for a breach of contract, regardless of the law?

4.    Plaintiff Caradigm is owned by General Electric and began as part of Microsoft.  Does anyone here feel they may have a difficult time being impartial in a case like this  involving these large corporations?

5.    Defendant PruittHealth operates skilled nursing facilities in Georgia and elsewhere.  Does anyone here know anyone who is a resident or patient of a PruittHealth facility?

6. Does anyone here work in the medical profession or in any healthcare-related job?

7. If so, do you work with electronic medical records? In what way do you work with electronic medical records systems? Which software do you use?

8. Does anyone here have any experience (in your job or otherwise) negotiating, purchasing, programming or installing any electronic medical records system or software?

9. Does anyone here have any experience (in your job or otherwise) negotiating, purchasing, programming, or installing any major software system—not like Microsoft word—but large company-wide software system, like enterprise or database, or the like?

10. Does anyone here have any experience (in your job or otherwise) where you negotiate or commit to major contracts, for instance contracts that involve hundreds of thousands or millions of dollars and long-term commitments?

11. Has anyone here ever spent a significant amount of time researching a possible agreement or negotiating the specific terms and pricing before entering into an important contract?

12. Who here has any opinions whatsoever about this case? What are your opinions?

13. Have you or any member of your family or close friends ever been sued or brought a lawsuit? If so, please briefly explain the nature and the circumstances of the lawsuit and whether you were satisfied with the outcome.

14. Do you know any other member of the jury panel here in this courtroom? If yes, who do you know? If the answer is yes, and if you were both selected for the jury in this case, how would the fact that you know the other juror affect your ability to be impartial in this case ?

15.    Do you know of any reason whatsoever why you could not be completely impartial in this case?

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CARADIGM USA LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO.: 1:15-cv-2504-SCJ |
| PRUITTHEALTH, INC., | ) | |
| f/k/a UHS-PRUITT CORP., | ) | |
| | ) | |
|     Defendant. | ) | |

**ATTACHMENT "B-2"**
**DEFENDANT'S VOIR DIRE QUESTIONS**

Defendant submits the following proposed general voir dire questions to be presented to the panel in addition to the questions included in the parties' joint proposed juror questions:

1.  In what city and county do you reside?  How long have you lived there?

2.  What is your educational background?

3.  Do you belong to any social, civic, political or religious organizations?

4.  Have you ever been on a jury before?  If so, when, where, what kind of case, and did you reach a verdict?

5.  Have you (or any member of your family) received any legal training?

6.  If so, will you put whatever knowledge of the law you have acquired before today out of your mind during this trial, and will you promise to apply only those legal principles in which the Court instructs you?

7.  Do any of you have any specific feelings or opinions about lawsuits, lawyers or the parties who bring lawsuits, either positive or negative?

8.  Have you or anyone close to you received any medical training or work in any healthcare-related job?

9.  Does anyone here work with electronic medical records?  If so, please explain the nature of your work with electronic medical records.

10. Have you or anyone close to you received any software development or software coding experience?

11. Are you or anyone close to you a stockholder, officer, director, agent, or employee of Microsoft?

12. Are you or anyone close to you a stockholder, officer, director, agent, or employee of General Electric or GE Healthcare?

13. Have you or anyone close to you ever been involved in any software development or software coding in your occupation?

14. Have you or anyone close to you ever been involved in any implementation or testing of a customized software program in your occupation?

**15.** Have you or anyone close to you ever worked for a company that develops, manufactures, markets, or implements software?

**16.** Do you or anyone close to you have any experience with any home healthcare provider?

**17.** Do you or anyone close to you have any experience with any nursing home or assisted living facility?

**18.** Do you have any experience with managing a business project, such as a building construction project, office relocation or renovation, consulting project, or the like?

**19.** Have you ever heard the term "patient matching"? What do you understand it to mean?

**20.** Have you ever heard the term "First Productive Use"? What do you understand it to mean?

**21.** Have you or anyone close to you ever been involved in any dispute involving the implementation of or failed implementation of software? If so, please explain the nature of the dispute, when it was, and the result.

**22.** Have you or anyone close to you ever been involved in any dispute involving a claimed breach of a contract? If so, please explain the nature of the dispute, when it was, and the result.

**23.** Do you know any other member of the jury panel here in this courtroom?  If so, explain the nature of that relationship.  How would the fact that you know the other juror affect your ability to be impartial in this case?

**24.** Do you have any reluctance about serving as a juror?

**25.** Is there anyone who would feel any reluctance in joining the discussion with the members of the jury during deliberations?

**26.** Would any of you feel offended if other members of the jury disagreed with your view of the evidence?

**27.** Is there anyone who would be unwilling to change an opinion, if after listening to the arguments of the other members of the jury, you were persuaded that your opinion was wrong?

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CARADIGM USA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO.: 1:15-cv-2504-SCJ |
| PRUITTHEALTH, INC., | ) | |
| f/k/a UHS-PRUITT CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## ATTACHMENT "C"
## PLAINTIFF'S SUMMARY OF THE CASE

**I.    Succinct Summary of Plaintiff's Cause of Action.**

This is a breach of contract action by Plaintiff Caradigm against Defendant

PruittHealth ("Pruitt").  Caradigm is a technology company that designs complex

software for healthcare providers.  In 2012, Pruitt, a privately-held nursing home

company, sought a company-wide IT solution to improve its use of its own

healthcare data.  After an extensive due diligence period, Pruitt selected Caradigm,

and the parties executed a three-part Agreement on June 25, 2013.  The Agreement

called for an official project kickoff meeting, followed by a six to seven month

implementation and a five-year subscription period.

After over a year of delays by Pruitt, Pruitt terminated the Agreement before the project officially kicked off.   As explained in the Court's May 30, 2017 Order, at the time of termination, Pruitt had provided Caradigm no notice of any alleged breach; Caradigm had in fact committed no breach; Pruitt had no right to terminate; and its termination breached the Agreement.   Thus, this trial concerns only the amount of damages Pruitt owes Caradigm for its breach.  Those damages are the entire value to Caradigm of the Agreement as of the date of Pruitt's breach, plus interest and fees.

## II.    Relevant rules, regulations, statutes, ordinances and case law.

- Georgia contract law principles (as contained in Title 13 of the Georgia Code and Georgia's common law), including but not limited to O.C.G.A. § 13-6-1; O.C.G.A. § 13-6-2; O.C.G.A. § 13-6-4; O.C.G.A. § 13-6-6; O.C.G.A. § 13-6-8; O.C.G.A. §13-6-9; O.C.G.A. § 13-6-11; O.C.G.A. § 13-6-13; O.C.G.A. § 13-2-1; O.C.G.A. § 7-4-2.

- 28 U.S.C. § 1927.

- *Parker v. King*, 68 Ga. App. 672 (1942).

- *Mendel v. Converse & Co.*, 30 Ga. App. 549 (1923).

- *Redman Development Corp v. Piedmont Heating & Air Conditioning, Inc.*, 128 Ga. App. 447 (1973).

- *Phosphate Mining Co. v. Atlanta Oil & Fertilizer Co.*, 20 Ga. App. 660 (1917).

- *Jinright v. Russell*, 123 Ga. App. 706 (1971).

- *Accent Walls, Inc. v. Parker*, 162 Ga. App. 633 (1982).

- *Nikas v. Hindley*, 98 Ga. App. 437 (1958).

- *Roehm v. Horst*, 178 U.S. 1 (1900).

- *Textile Rubber & Chem. Co. v. Thermo-Flex*, 301 Ga. App. 491 (2009).

- *Textile Rubber and Chem. Co. v. Thermo-Flex.*, 308 Ga. App. 89 (2011).

- *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1287 (11th Cir. 2004).

- *Stimpson Computing Scale Co. v. Taylor*, 4 Ga. App. 567 (1908).

- *McLeod v. McLatcher*, 201 Ga. App. 17 (1991).

- *Rollins Comms, Inc. v. Ga. Inst. of Real Estate*, 140 Ga. App. 448 (1976).

- *Clark v. Cox*, 179 Ga. App. 437 (1986).

- *Wilson v. Milam*, 156 Ga. App. 328 (1980).

- *Gormley v. Eison*, 189 Ga. 259 (1939).

- *Bishop Contracting Co. v. N. Georgia Co.*, 417 S.E.2d 400 (1992).

- *Northside Bank v. Mountainbrook of Bartow Cty. Homeowners Assn., Inc.*, 338 Ga. App. 126 (2016).

- All authorities cited in the Court's summary judgment Order.

- All authorities relied upon by Defendant.

- All authorities relied upon by Plaintiff in its prior pleadings.

III. **Damage description, amount claimed and legal support.**

A. <u>**Actual/Direct contract damages**</u>.  Caradigm's direct contract damages equal the entire present value of the Agreement to Caradigm as of Pruitt's February 17, 2015 breach of contract.  This entire value (discounted for the time value of money) is the sum of Pruitt's contractually-required payments to Caradigm, less (a) the amount Pruitt already paid Caradigm and (b) the costs Caradigm avoided because of Pruitt's breach.  Caradigm's direct contract damages are approximately $5.1 million.

B. <u>**Prejudgment interest**</u>.  Pruitt owes interest on the entire contract value running from the date those damages became due (February 17, 2015) until judgment.  Under the Agreement, Pruitt owes 1.5% monthly interest on any amounts the jury finds to be "late."  Alternatively, the jury may award statutory prejudgment interest at the legal rate of 7%.  *See* O.C.G.A. §§13-6-13 and 7-4-2.  As of October 17, 2017, the interest Pruitt owes on Caradigm's direct damages is approximately either $3.1 million or $950,000, depending on the applicable interest rate.    Interest continues to accrue.

C. <u>**Attorneys' fees and expenses**</u>.  Under the Agreement, Pruitt must pay Caradigm's "reasonable costs (including attorneys' fees) relating to

collection of past due amounts." The entire value of the Agreement became due on February 17, 2015, meaning Pruitt's balance owed to Caradigm for the Agreement's entire value is past due. Pruitt likewise owes Caradigm's reasonable fees and expenses because Pruitt has been stubbornly litigious and has unreasonably and vexatiously multiplied these proceedings. *See* O.C.G.A. § 13-6-11 and 28 U.S.C. § 1927. As of the time of this filing, Caradigm's reasonable fees and expenses are approximately $1,200,000. Caradigm continues to incur additional fees and expenses.

**D.** **Postjudgment interest**. Pruitt owes postjudgment interest running from the date of judgment at either 1.5% per month (per the Agreement) or at the legal rate of 7% per year. See O.C.G.A. §§ 7-4-12 (a) and (b).

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CARADIGM USA LLC,

     Plaintiff,

v.

PRUITTHEALTH, INC.,

     Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

**ATTACHMENT "D"
DEFENDANT'S OUTLINE OF THE CASE**

Caradigm contracted to provide certain software licenses and custom software development and implementation services to PruittHealth, in exchange for which PruittHealth agreed to make certain payments. The Court has ruled earlier that PruittHealth anticipatorily breached its contract with Caradigm by notifying Caradigm that it would not be moving forward with the software project, without following the notice and cure and termination provisions of the contract. Georgia law provides that Caradigm may recover damages from PruittHealth only if it can establish damages proximately flowing from PruittHealth's breach to a reasonable certainty. Further, because PruittHealth was not required to make certain payments under the terms of the contract until Caradigm's software

1

implementation satisfied PruittHealth, Caradigm is required to prove to a reasonable certainty that it would have performed under the contract had PruittHealth not breached.[1]

## I.     The Parties.

PruittHealth is a healthcare provider that operates home health, skilled nursing facilities, and hospice agencies throughout the Southeast.  Like many healthcare providers, it stores patient data in multiple, separate software systems, often making it cumbersome to review all pertinent patient information when providing treatment or services, for example when making patient care decisions or communicating a patient's history to a family member or another healthcare provider.

Caradigm, a software company, represented to PruittHealth that it had a solution to that challenge—a solution that could pull PruittHealth's patient data from various medical record systems and make it available as a single viewable record for each patient (a "comprehensive patient summary" or "longitudinal patient view").  To do so, Caradigm would have to provide robust patient matching

---

[1] *See Textile Rubber & Chem. Co. v. Thermo-Flex Techs., Inc.*, 301 Ga. App. 491, 495 (2009) (when "'the promise to pay is contingent upon the occurrence of a future event as well as the arrival of a future time, it is not an unconditional promise to pay until the issue of fact – whether or not the event will take place – can be determined with reasonable certainty.'" (quoting *Cont. Cas. Co. v. Stephenson*, 112 Ga. App. 666, 667-68 (1965))).

to marry up records concerning a given patient from different medical record systems and different visits within the same system. Because PruittHealth wanted to enhance the quality of patient care and provide significant efficiencies in the workplace, PruittHealth entered into a customized software implementation contract with Caradigm.

## II.     The Caradigm-PruittHealth Agreement.

The contract is comprised of several different documents: a Cloud Services Agreement dated June 25, 2013, as amended by Amendment No. 1 dated July 31, 2014; a Cloud Services Order dated June 25, 2013; a Statement of Work of the same date; and, Caradigm's Cloud Services Policy Rev. 1 (collectively, the "Agreement").

The Agreement is not a contract with a defined value or fixed duration. Rather, the Cloud Services Order provides that the Agreement is structured to require the payment of phased monthly subscription fees (tied to enumerated benchmarks) plus certain fixed fees associated with professional services. The Agreement anticipates two distinct phases. The first phase is an installation and development phase with fees ranging from $20,000.00 to $24,000.00 per month. The second phase of the Agreement involves significantly higher fees, pegged at $84,649.00 per month, which would begin to accrue only after the parties achieved

"First Productive Use" – a term defined by the Cloud Services Agreement as "the first time [PruittHealth] uses the Cloud Services to process actual patient data in a live production environment."

The Agreement provides that whether First Productive Use is achieved depends upon PruittHealth's satisfaction with the customized software implemented by Caradigm. The Cloud Services Agreement provides for PruittHealth's right to test the "Customer Use Cases" (*i.e.*, the functionality of Caradigm's customized software solution) before First Productive Use. The testing provision provides that "[w]ith regard to Customer Use Cases, [PruittHealth] will notify Caradigm when testing has been satisfactorily completed and [PruittHealth] is ready to move the Customer Use Case to the production environment." First Productive Use takes place only once a Customer Use Case moves to a live production environment after testing. Unless PruittHealth is satisfied with the results of the testing of the Customer Use Cases, First Productive Use does not occur.

The Statement of Work provides a comprehensive description of the implementation services Caradigm agreed to deliver to PruittHealth. Among the services detailed by the Statement of Work are five Customer Use Cases Caradigm agreed to implement to meet PruittHealth's specific needs. Each Customer Use

4

Case required the implementation of the longitudinal patient view, which, in turn, depended upon robust patient matching.

PruittHealth's electronic medical records contain diverse and uncorrelated data scattered among disparate source systems, making patient matching decidedly more complex. Caradigm was well aware of this issue prior to the execution of the Agreement. As both parties acknowledge, PruittHealth sought to achieve a longitudinal patient view to assist in providing patient care, to facilitate communication between PruittHealth facilities, and to effect a streamlined billing process and financial review.

## III.   **Procedural History.**

After a series of delays in commencing the software project consented to by both parties, and without any significant work having been completed by Caradigm to implement software to effect a solution to PruittHealth's data problem, PruittHealth unilaterally terminated the Agreement due to its concerns about Caradigm's ability to perform and to provide adequate patient matching on PruittHealth's data to meet PruittHealth's needs. At that time, PruittHealth was current on all invoices issued by Caradigm. Indeed, PruittHealth paid approximately $320,000 for Caradigm's services and licenses through March 2015. Thereafter, Caradigm filed this lawsuit claiming that PruittHealth prematurely

5

terminated and breached the Agreement.  The Court ruled in favor of Caradigm, finding PruittHealth anticipatorily breached the Agreement and reserving the issue of possible damages for trial.

In its Order on summary judgment, the Court reviewed Caradigm's claim that its damages should be measured as the entire value of the Agreement.  The Court observed that while Georgia law generally provides that the entire value of a contract is due after an anticipatory breach thereof, the entire value of the Agreement was not ascertainable at the time of PruittHealth's breach.  Rather, the Court recognized that the Agreement required PruittHealth to make certain payments only after Caradigm customized and implemented the CIP software and Customer Use Cases to the satisfaction of PruittHealth and First Productive Use was reached.  The Court held that normal damages principles will apply at a trial on damages, including Georgia law's bar on speculative recoveries.

## IV.     Issues Remaining to be Tried on Damages.

### A.     The Value of the Agreement.

Caradigm must satisfy several requirements to prove the value of the Agreement.  First, Caradigm must establish to a reasonable certainty that, had PruittHealth not breached the Agreement, Caradigm would have implemented software that would have subjectively satisfied PruittHealth according to the

6

requirements of the Agreement. Because sufficient patient matching undergirds each of the Customer Use Cases required by the Agreement and Caradigm promised patient matching to PruittHealth as a part of the Agreement, Caradigm must prove to a reasonable certainty that it could have performed patient matching on PruittHealth's data such that it would have satisfied PruittHealth.

Second, Caradigm also must prove the calculation of its claimed damages in a manner sufficient to permit the trier of fact to find the amount of those damages to a reasonable certainty. Even if Caradigm is able to establish to a reasonable certainty that its implementation of the Customer Uses Cases would have been able to subjectively satisfy PruittHealth, it also must prove when it would have satisfactorily performed and when First Productive Use would have occurred such that the trier of fact would be able to ascertain Caradigm's damages to a reasonable certainty.

Third, even if Caradigm can prove its damages to the requisite degree of reasonable certainty, those damages must be offset by the costs Caradigm avoided in being excused from its own performance under the Agreement by virtue of PruittHealth's unilateral termination of the contract. Specifically, any revenue lost by Caradigm must be reduced by both Caradigm's avoided costs in not having to perform and the $319,414.56 in payments already made by PruittHealth.

7

Fourth, Caradigm must demonstrate that it mitigated its damages as far as was practicable by the use of ordinary care and diligence after PruittHealth canceled the Agreement. Furthermore, Paragraph 23(f) of the Cloud Services Agreement provides in relevant part that "[n]either [PruittHealth] nor Caradigm will have liability to the other under this agreement for any punitive, incidental, consequential, or other indirect damages, including loss of profits or revenues …." Caradigm must prove that it is entitled to recover damages from PruittHealth despite the limitation of liability clause contained in the Agreement.

**B.     Monthly Interest Under the Agreement.**

Caradigm also claims that it is entitled to 1.5% monthly interest under Paragraph 10 of the Cloud Services Agreement. However, in its Order on summary judgment, the Court held that Caradigm "is not entitled to 1.5% interest on anything," noting that the Agreement provides for the recovery of interest only on "late amounts" or "past due amounts." Reasoning that amounts become late under the terms of the Agreement "only if not paid 'within 30 days after the invoice amount'" and finding that "Pruitt timely paid all amounts for which Caradigm sent it an invoice," the Court concluded that the Agreement's interest provision does not apply because PruittHealth "never submitted a 'late payment' as that phrase is commonly understood."

8

**C. Attorney's Fees Pursuant to the Agreement.**

Finally, Caradigm seeks in its Complaint to recover its attorney's fees pursuant to Paragraph 10 of the Cloud Services Agreement.[2] To recover its attorney's fees under the Agreement, Caradigm must establish that this action "relat[es] to collection of past due amounts." For the same reasons articulated in the Court's Order on summary judgment as to interest (*i.e.*, PruittHealth timely paid all amounts for which Caradigm sent it an invoice prior to this dispute), Caradigm's damages, if any, are not "past due amounts" and it is not entitled to its attorney's fees under the Agreement.

---

[2] Caradigm also alleged in its Complaint that it is entitled to fees under 28 U.S.C. § 1927, which permits the Court to sanction counsel for "unreasonably and vexatiously" multiplying the proceedings in a case. To the extent that Caradigm still intends to pursue this relief, which would be for the Court to decide by motion, Caradigm cannot make the required showing and is not entitled to sanctions under this statute.

32990575

**All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense are listed below.**

Relevant statutes, treatises, and illustrative case law includes, but is not limited to:

1. O.C.G.A. § 13-1-2.

2. O.C.G.A. § 13-1-7.

3. O.C.G.A. § 13-2-2.

4. O.C.G.A. § 13-2-3.

5. O.C.G.A. § 13-2-4.

6. O.C.G.A. § 13-3-4.

7. O.C.G.A. § 13-4-20.

8. O.C.G.A. § 13-5-8.

9. O.C.G.A. § 13-5-9.

10. O.C.G.A. § 13-6-1.

11. O.C.G.A. § 13-6-2.

12. O.C.G.A. § 13-6-5.

13. O.C.G.A. § 13-6-8.

14. O.C.G.A. § 13-7-2.

15. 28 U.S.C. § 1927.

16. *Wheat Enters. v. Redi-Floors, Inc.*, 231 Ga. App. 853, 855 (1998).

17. *Hosp. Auth. of Charlton Cnty. v. Bryant*, 157 Ga. App. 330, 331 (1981).

18. *Textile Rubber & Chem. Co. v. Thermo-Flex Techs., Inc.*, 301 Ga. App. 491, 495-96 (2009).

19. Restatement (Second) of Contracts § 254(1) (1981).

20. 10-54 A. Corbin, Corbin on Contracts § 54.20 (2017).

21. *Atlanta Realty Co. v. Campion*, 94 Ga. App. 136, 136 (1956).

22. *Rome Indus. Co. v. Eidson*, 138 Ga. 592, 596 (1912).

23. *Bearden Mercantile Co. v. Madison Oil Co.*, 128 Ga. 695, 702 (1907).

24. *Torgesen v. Torgesen*, 274 Ga. App. 298, 300 (2005).

25. *Morton Bldgs., Inc. v. Correct Custom Drywall, Inc.*, 2007 Ohio App. LEXIS 2540, at *6-7 (June 7, 2007).

26. *Comet Sys. v. MIVA, Inc.*, 980 A.2d 1024, 1034 (Del. Ch. 2008).

27. 23 Williston on Contracts § 63.18 (4th ed. 2000).

28. *Sacramento Mun. Util. Dist. v. United States*, 120 Fed. Cl. 270, 279 (2015).

29. *Eastgate Assocs., Ltd. v. Piggly Wiggly S., Inc.*, 200 Ga. App. 872, 874-75 (1991).

30. *Boone v. Atlanta Indep. Sch. Sys.*, 175 Ga. App. 131, 135 (2005).

31. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).

32990575

32. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).

33. *2010-1 SFG Venture LLC v. Lee Bank & Trust Co.,* 332 Ga. App. 894, 897-98 (2015).

34. *Burton v. Campbell Coal Co.*, 95 Ga. App. 338, 339 (1957).

35. All authorities cited in prior filings with the Court, including but not limited to the Court's summary judgment Order, and all authorities relied upon by Plaintiff.

32990575

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CARADIGM USA LLC,    )
           )
  Plaintiff,      )
           )  CIVIL ACTION
v.           )
           )  FILE NO.: 1:15-cv-2504-SCJ
PRUITTHEALTH, INC.,    )
f/k/a UHS-PRUITT CORP.,   )
           )
  Defendant.     )

## ATTACHMENT "E"
## FACTS STIPULATED BY THE PARTIES

1. The parties executed an enforceable Agreement on June 25, 2013 consisting of the Cloud Services Agreement (Joint Ex. 1), the Order (Joint Ex. 2), and the Statement of Work (Joint Ex. 3).

2. The parties executed an enforceable Amendment to the Agreement on July 31, 2014 (Joint Ex. 4).

3. Pruitt terminated the Agreement as amended on February 17, 2015.

4. The Agreement called for Pruitt to begin paying $20,000 per month for a Development License beginning June 25, 2013. However, the parties subsequently agreed that Caradigm would not begin charging for the

Development License until October 1, 2014.  Thus, Pruitt's Development

License payment obligations began on October 1, 2014.

5.       Pruitt paid Caradigm $319,414.56 under the Agreement prior to

Caradigm filing this lawsuit.  Pruitt has not paid Caradigm any amount

thereafter.

1618686.1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CARADIGM USA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO.: 1:15-cv-2504-SCJ |
| PRUITTHEALTH, INC., | ) | |
| f/k/a UHS-PRUITT CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## ATTACHMENT "F-1"
## PLAINTIFF'S WITNESS LIST

Plaintiff Caradigm will call the following witnesses:

1.  Tina Mirkheshti
    Canton, GA  30115

2.  Ian Ratner
    GlassRatner Advisory & Capital Group
    3424 Peachtree Road, Suite 2150
    Atlanta, GA  30326

3.  Christopher T. Giovinazzo
    Bondurant, Mixson & Elmore LLP
    3900 One Atlantic Center
    1201 West Peachtree St., NW
    Atlanta, Georgia 30309

Plaintiff Caradigm may call the following witnesses:

1.   Dan Martin
     contact through counsel

2.   Jonathan Duvall
     contact through counsel

3.   Robert Warnock
     contact through counsel

4.   David Fraticelli
     Pittsburgh, PA 15227

5.   Tamara Glover
     Carnation, WA 98014

6.   Kurt Thorne
     Hyattsville, MD 20782

7.   Ben Chronister
     Woodinville, WA 98077

8.   Chris Winnyk
     Boston, MA 02129

9.   Joe Papesch
     Hawthorn Woods, IL 60047

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CARADIGM USA LLC,

      Plaintiff,

v.

PRUITTHEALTH, INC.,

      Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

**ATTACHMENT "F-2"**
**DEFENDANT'S WITNESS LIST**

Defendant provides this list of all the witnesses that it will or may have

present at trial.

**Fact Witnesses Who Defendant Will Have Present at Trial:**

1.     Daniel Martin
      Associate Director
      Accenture
      Marietta, GA 30068
      May only be contacted through counsel for Defendant.

2.     Jonathan Duvall
      Assistant Director of Product Management
      PrimeCare Technologies
      Johns Creek, GA 30097
      May only be contacted through counsel for Defendant.

**<u>Fact Witnesses Who Defendant May Have Present at Trial:</u>**

1.  Neil L. Pruitt, Jr.
    Chairman and Chief Executive Officer
    PruittHealth, Inc.
    1626 Jeurgens Court, Norcross, GA 30093
    May only be contacted through counsel for Defendant.

2.  Mary Ousley
    Chief Strategy Officer
    PruittHealth, Inc.
    1626 Jeurgens Court, Norcross, GA 30093
    May only be contacted through counsel for Defendant.

3.  Dr. Daniel O. Wyman
    Chief Medical Officer
    PruittHealth, Inc.
    1626 Jeurgens Court, Norcross, GA 30093
    May only be contacted through counsel for Defendant.

4.  Todd Gunther
    Technical Engagement Manager – Services Sales
    Okta, Inc.
    Penfield, NY 14526

5.  Bret Hurst
    Chief Information Officer
    PruittHealth, Inc.
    1626 Jeurgens Court, Norcross, GA 30093
    May only be contacted through counsel for Defendant.

6.  Henner Carsten Dierks
    Principal Program Manager
    Amazon.com, Inc.
    Snoqualmie, WA 98065

7.  Kurt Thorne

Hyattsville, MD 20782

8.  Chris Winnyk
    Senior IT & Project Management Leader
    PricewaterhouseCoopers
    101 Seaport Blvd., Suite 500
    Boston, MA 02210

9.  David Fraticelli
    Systems Analyst
    University of Pittsburgh Medical Center
    200 Lothrop Street
    Pittsburgh, PA 15213

10. Dr. Sameer Bade
    Vice President of Clinical Solutions
    Caradigm USA LLC
    Ocala, FL 34471

11. Joseph Papesch
    Sales Executive
    Caradigm USA LLC
    Chicago, IL 60604

12. Tamara Glover
    Director, Quality and Performance Improvement
    Washington State Hospital Association
    999 Third Ave., Suite 1400
    Seattle, WA 98104

13. Benjamin Chronister
    Woodinville, WA 98077

14. Chanya Swartz
    BSQUARE
    Director of Finance and Corporate Controller
    110 110th Ave., NE, Suite 300

Bellevue, WA 98004

15.     Bernie May
Invistics Corporation
Senior Vice President, Health Systems
5155 Peachtree Parkway
Suite 3200
Peachtree Corners, GA 30092

16.     Defendant also reserves the right to call any witnesses listed on Plaintiff's witness list.

17.     Defendant reserves the right to call impeachment and rebuttal witnesses as necessary.

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CARADIGM USA LLC,

      Plaintiff,

v.

PRUITTHEALTH, INC.,

      Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

**ATTACHMENT "G-0"**
**JOINT EXHIBIT LIST**

See Attached.

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. |
|---|---|---|---|---|---|---|---|---|---|
| | 1 | N/A | N/A | 6/25/2013 | | | Cloud Services Agreement | 1 | N/A |
| | 2 | N/A | N/A | 6/25/2013 | | | Order Cloud Services | 2 | N/A |
| | 3 | N/A | N/A | 6/25/2013 | | | UHS-Pruitt Corporation Clinical & Operational Workflow Automation Initiative Brookhaven Pilot & Concurrent Bill Review Statement of Work | 3 | N/A |
| | 4 | N/A | N/A | 7/31/2014 | | | Amendment No. 1 to Cloud Services Agreement | 4 | N/A |
| | 5 | N/A | N/A | 2/17/2015 | Marty Meighan | Tina Mirkheshti; Dan Martin | Email re: Next steps | 26 | 401, tab 16 |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. |
|---|---|---|---|---|---|---|---|---|---|
| | 6 | N/A | N/A | 3/16/2015 | Michael Simpson | Neil Pruitt; Jr. | Letter re: The Cloud Services Agreement between Caradigm and UHS-Pruitt Corporation ("UHS Pruitt") dated June 25, 2013, as amended by Amendment No. 1 dated July 31, 2014, including the Order for Cloud Services, dated June 25, 2013, and the Statement of Work, dated June 25, 2013 (the "Agreement") | N/A | 65, 401 Tab 17 |
| | 7 | N/A | N/A | 7/14/2015 | | | Complaint | 121 | N/A |

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CARADIGM USA LLC,

      Plaintiff,

v.

PRUITTHEALTH, INC.,

      Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

## ATTACHMENT "G-1"
## PLAINTIFF'S EXHIBIT LIST

See Attached.

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
|  | 20 | CARADIGM00025076 | CARADIGM00025084 | 00/00/2008 |  |  | Validation of an eMPI Algorithm | N/A | 59, 89 |  |
|  | 21 | Pruitt00006904 | Pruitt00006905 | 9/15/2011 | Dan Martin | ELT_Group; Dan Martin; Brenda Mccluskey; Kimberly Banner; SPC | Meeting Notice re: Amalga/U-Connect with attachment | 5 | N/A |  |
|  | 22 | Pruitt00005628 | Pruitt00005644 | 5/23/2012 | Lydon Neumann | Jonell Hollis; Marjorie Bogaert; David C. Hammer; Dan Martin; David Brown | Email re: UHS-Pruitt Corporation - SOWs: Uconnect & Amalga with attachment | N/A | N/A |  |
|  | 23 | Pruitt00005867 | Pruitt00005869 | 9/14/2012 | Marjorie Bogaert | Neil Pruitt; Jonell Hollis; Lydon Neumann; Brenda Mollohan; Marjorie Bogaert | Email re: UHS-Pruitt Amalga Assessment Draft Deliverable with attachments | N/A | N/A |  |
|  | 24 | Pruitt00005788 | Pruitt00005791 | 9/15/2012 | Jonell Hollis | Chris Bryson; Christi Card; Dan Martin; Horace Moore; Juliette Simpson; Mark Mertz; Mary Ousley; Patricia Walker; Phil Small; Richard Gerhardt; Scott Adkins | Email re Accenture Progress with attachments | N/A | N/A |  |
|  | 25 | Pruitt00005727 | Pruitt0005741 | 9/18/2012 | Jonell Hollis | Mary Ousley | Email re: Amalga SOW with attachment | 8 | N/A |  |
|  | 26 | CARADIGM00022510 | CARADIGM00022510 | 1/18/2013 | Brad Savage | Neil Pruitt; Steve Shihadeh | Email re: Amalga follow up | N/A | N/A |  |
|  | 27 | CARADIGM00001738 | CARADIGM00001754 | 3/7/2013 | Joseph Papesch | Christi Card; G. Moore; Dan Martin; William Sweeny; Cathy Glenz | Email re: Golding Living Clinical Startup with attachments | 91 | N/A |  |
|  | 28 | CARADIGM00022336 | CARADIGM00022374 | 4/5/2013 | Joseph Papesch | Dan Martin; Chris Bryson | Email re: Caradigm proposal status with attachment | 93 | N/A |  |
|  | 29 | CARADIGM00000974 | CARADIGM00001016 | 4/15/2013 | Joseph Papesch | Neil Pruitt; Steve Shihadeh; Steven Vance; Dan Martin; Phil Small; Chris Bryson, Christi Card | Email re: Caradigm proposal for UHS-Pruitt Corporation - updated to include Concurrent Bill Review with attachments | N/A | N/A |  |
|  | 30 | CARADIGM00000344 | CARADIGM00000352 | 6/1/2013 |  |  | Caradigm Intelligence Platform: Implementation Methodology Phases Overview | N/A | 67 |  |
|  | 31 | CARADIGM00000865 | CARADIGM00000911 | 6/18/2013 | Joseph Papesch | Marty Meighan | Email re: Complete set of final docs to sign with attachments | N/A | N/A |  |
|  | 32 | Pruitt00006403 | Pruitt00006405 | 6/22/2013 | Neil Pruitt | Dan Martin; Marty Meighan; Jonell Hollis | Email re: UHS Pruitt and Caradigm | N/A | N/A |  |
|  | 33 | CARADIGM00000852 | CARADIGM00000864 | 6/24/2013 | Joseph Papesch | Marty Meighan; Steven Vance; Dan Martin | Email re: Project accomplishments by phase with attachment | N/A | 304 |  |
|  | 34 | Pruitt00004539 | Pruitt00004539 | 7/5/2013 | Jonell Hollis | Steve Shihadeh; Joseph Papesch; Steve Vance; Dan Martin | Email re: UHS-Pruitt & Caradigm | 10 | N/A |  |
|  | 35 | Pruitt00000465 | Pruitt00000508 | 7/13/2013 | Jonell Hollis | Jonathan Duvall; Dan Martin | Email re: Amalga Project with Caradigm with attachment | 28 | N/A |  |
|  | 36 | Pruitt00006545 | Pruitt00006548 | 7/15/2013 | Dan Martin | Jonell Hollis | Email re: PTO next week | 13 | N/A |  |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 37 | Pruitt00004434 | Pruitt00004434 | 7/15/2013 | Jonell Hollis | Chris Bryson; Chuck Brown; Dan Martin; Debra Harwell; Juliette Simpson; Kevin Metz; Mary Ousley; McCarthy Boyd; Phil Small; Rashaunda Williams; Richard Gardner; Richard Gerhardt; Ryan Beddingfield; Sage Wang | Email re: Amalga Steering Committee | 29 | N/A | |
| | 38 | CARADIGM00023498 | CARADIGM00023498 | 7/16/2013 | Steven Vance | Steve Shihadeh | Email re: Touch base today? | N/A | N/A | |
| | 39 | Pruitt00006629 | Pruitt00006631 | 9/19/2013 | Jonell Hollis | Maureen Dux | Email re: Golden Living - UHS-Pruitt visit | N/A | N/A | |
| | 40 | Pruitt00004388 | Pruitt00004389 | 10/17/2013 | Jonell Hollis | Chuck Brown; Dan Martin; Debra Harwell; Juliette Simpson; Kevin Metz; Mary Ousley; McCarthy Boyd; Phil Small; Rashaunda Williams; Richard Gardner; Richard Gerhardt; Ryan Beddingfield; Sage Wang | Email re: Amalga Steering Committee | 30 | N/A | |
| | 41 | CARADIGM00024398 | CARADIGM00024398 | 11/6/2013 | Steve Shihadeh | Neil Pruitt | Email re: PruittHealth and Caradigm | N/A | N/A | |
| | 42 | Pruitt00004161 | Pruitt00004162 | 11/8/2013 | Jonathan Duvall | Richard Bailey | Email re: Welcome change? | 33 | N/A | |
| | 43 | Pruitt00000016 | Pruitt00000017 | 2/3/2014 | Jonathan Duvall | Jonathan Duvall; Dan Martin; Richard Bailey; Bret Hurst | Appointment Reminder for 02/04/2014 Data Exchange Amalga with attachment | 97 | N/A | |
| | 44 | Pruitt00003862 | Pruitt00003865 | 2/6/2014 | Jonathan Duvall | Dan Martin | Email re: Amalga-Initial Use Case Confirmation | 38 | N/A | |
| | 45 | Pruitt00001576 | Pruitt00001580 | 2/10/2014 | Robert Warnock | Jonathan Duvall; Dan Martin | Email re: Hello | 99 | N/A | |
| | 46 | Pruitt00000193 | Pruitt00000193 | 2/26/2014 | Jonathan Duvall | Dan Martin; Jonathan Duvall | Email re: Conversation with Dan Martin | 16 | N/A | |
| | 47 | Pruitt00000220 | Pruitt00000225 | 3/10/2014 | Robert Warnock | Jonathan Duvall | Email re: Catching-up | N/A | N/A | |
| | 48 | Pruitt00006311 | Pruitt00006312 | 4/11/2014 | Neil Pruitt | Steve Shihadeh; Dan Martin; Michael Simpson Neil Aaronson; Jonell Hollis | Email re: PruittHealth and Caradigm | 17 | N/A | |
| | 49 | CARADIGM00024339 | CARADIGM00024339 | 4/23/2014 | Steve Shihadeh | Neil Aaronson; Tom Poole; Michael Simpson | Email re: Pruitt Health 4/29 call plan and background | 18 | N/A | |
| | 50 | Pruitt00001105 | Pruitt00001108 | 5/27/2014 | Marty Meighan | Neil Aaronson; Dan Martin; Jonathan Duvall | Email re: Pruitt/Caradigm amendment | 19 | N/A | |
| | 51 | CARADIGM00004224 | CARADIGM00004305 | 6/25/2014 | Tina Mirkheshti | Jonathan Duvall; Tom Poole | Email re: PruittHealth: Project Skill Sets/Roles & Responsibilities with attachments | 41 | 200 | |
| | 52 | Pruitt00003674 | Pruitt00003676 | 6/25/2014 | Jonathan Duvall | Dan Martin | Email re: Caradigm transition call this morning | 64 | N/A | |
| | 53 | CARADIGM00004314 | CARADIGM00004314 | 6/25/2014 | Tina Mirkheshti | Joseph Papesch | Email re: Pruitt | 101 | N/A | |
| | 54 | Pruitt00003642 | Pruitt00003644 | 6/27/2014 | Jonathan Duvall | Rich Gardner; Scott Adkins | Email re: Amalga/Caradigm Next Step | N/A | N/A | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 55 | Pruitt00003607 | Pruitt00003628 | 6/30/2014 | Jonathan Duvall | McCarthy Boyd | Email re: Emailing: Pruitt Appendix A Statement of Work Roles & Responsibilities with attachment | 42 | N/A | |
| | 56 | CARADIGM00004466 | CARADIGM00004469 | 6/30/2014 | Jonathan Duvall | Tina Mirkheshti; McCarthy Boyd | Email re: CIP Phase I-Concurrent Bill Review-Scope Clarification & Review with attachment | 43 | 201 | |
| | 57 | Pruitt00000188 | Pruitt00000189 | 7/1/2014 | Brian Keener | Brian Keener; Jonathan Duvall | Email re: Conversation with Brian Keener | N/A | N/A | |
| | 58 | Pruitt00003572 | Pruitt00003577 | 7/1/2014 | Jonathan Duvall | Dan Martin | Email re: CIP Phase I-Concurrent Bill Review-Scope Clarification & Review with attachment | N/A | N/A | |
| | 59 | CARADIGM00004698 | CARADIGM00004698 | 7/2/2014 | Tina Mirkheshti | Sriram Devarakonda; Tracy Foltz; Christopher Winnyk | Email re: Pruitt Staffing | N/A | N/A | |
| | 60 | CARADIGM00004823 | CARADIGM00004844 | 7/9/2014 | Tina Mirkheshti | Jonathan Duvall; McCarthy Boyd; Richard Bailey; Dan Martin; Tom Poole; Todd Gunther; David Fraticelli | Email re: PruittHealth: Meeting Summary & Action Items for CIP Phase I / Concurrent Bill Review - Data Sources & Use Case Workflow Discussion with attachment | N/A | N/A | |
| | 61 | Pruitt00000187 | Pruitt00000187 | 7/9/2014 | Dan Martin | Dan Martin; Jonathan Duvall | Email re: Conversation with Dan Martin | 46 | N/A | |
| | 62 | CARADIGM00004958 | CARADIGM00004963 | 7/15/2014 | Tina Mirkheshti | Tom Poole; Chanya Swartz; Todd Gunter; Tracy Foltz | Email re: Pruitt Revenue Projection with attachments | N/A | 80 | |
| | 63 | Pruitt00000886 | Pruitt00000898 | 7/23/2014 | Tina Mirkheshti | Dan Martin; Jonathan Duvall; Steve Shihadeh; Tom Poole | Email re: PruittHealth: CIP Project Next Steps with attachment | 102 | N/A | |
| | 64 | CARADIGM00005385 | CARADIGM00005388 | 7/24/2014 | Marty Meighan | Tina Mirkheshti | Email re: Pruitt Amendment 1 | N/A | N/A | |
| | 65 | Pruitt00000834 | Pruitt00000835 | 8/1/2014 | Tina Mirkheshti | Marty Meighan; Dan Martin; Jonathan Duvall; McCarthy Boyd; Tom Poole | Email re: PruittHealth: Thank You-Countersigned Amendment | 20 | N/A | |
| | 66 | CARADIGM00006227 | CARADIGM00006227 | 8/4/2014 | Neil Pruitt | Michael Simpson; Tina Mirkheshti; Dan Martin | Email re: Caradigm - Thank you | N/A | N/A | |
| | 67 | CARADIGM00006691 | CARADIGM00006695 | 8/12/2014 | Jonathan Duvall | Tina Mirkheshti; McCarthy Boyd | Email re: A Note from Neil-New Chief Medical Officer with attachment | 103, 104 | N/A | |
| | 68 | Pruitt00003450 | Pruitt00003452 | 8/14/2014 | Jonathan Duvall | Neil Pruitt; Ryan Beddingfield; Phil Small; Dan Martin; Robert Warnock; McCarthy Boyd | Email re: Caradigm Project Status 8_13_2014 with attachment | 48 | N/A | |
| | 69 | CARADIGM00007299 | CARADIGM00007313 | 8/21/2014 | Cathy Glenz | Tina Mirkheshti | Email re: UHS Pruitt Demo Slides with attachment | N/A | N/A | |
| | 70 | Pruitt00001493 | Pruitt00001495 | 9/30/2014 | Tina Mirkheshti | Jonathan Duvall | Email re: Pruitt Health: Thought about data feeds | 50 | N/A | |
| | 71 | Pruitt00003290 | Pruitt00003293 | 9/30/2014 | Jonathan Duvall | Dan Martin | Email re: 9_30_2014_ED_BAS-Status Report with attachment | 51 | N/A | |
| | 72 | Pruitt00003282 | Pruitt00003284 | 10/2/2014 | Jonathan Duvall | Dan Martin | Email re: Caradigm Project Status 10_2_2014 with attachment | 53 | N/A | |
| | 73 | Pruitt00003239 | Pruitt00003244 | 10/3/2014 | Jonathan Duvall | Tina Mirkheshti; McCarty Boyd | Email re: Signed Change Order Document and meeting agenda with attachment | 21 | N/A | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 74 | CARADIGM00010314 | CARADIGM00010315 | 10/10/2014 | | | Caradigm Internal Report for Pruitt Health | N/A | N/A | |
| | 75 | Pruitt00001390 | Pruitt00001391 | 10/17/2014 | Daniel Wyman | Jonathan Duvall | Email re: Caradigm Meeting on October 27th | N/A | N/A | |
| | 76 | Pruitt00002413 | Pruitt00002417 | 10/22/2014 | Jonathan Duvall | Dan Martin | Email re: 10_21_2014_ED_BAS with attachment | N/A | N/A | |
| | 77 | CARADIGM00020370 | CARADIGM00020371 | 10/24/2014 | Tamara Glover | David Fraticelli | Email re: Updated with initial allocation proposals - Pruitt Technical Task Plan - with 4th use case.xlsx with attachment | N/A | N/A | |
| | 78 | CARADIGM00008304 | CARADIGM00008304 | 10/27/2014 | Christopher Winnyk | Jonathan Duvall; McCarthy Boyd; Tina Mirkheshti; Tamara Glover; David Fraticelli | Email re: Pruitt Change Request-Confirmation of Impact and Fee Structure | 107 | 313, 401 tab 18 | |
| | 79 | Pruitt00001350 | Pruitt00001351 | 10/27/2014 | Christopher Winnyk | Jonathan Duvall; McCarthy Boyd; Tina Mirkheshti; David Fraticelli; Tamara Glover | Email re: Pruitt Change Request-Confirmation of Impact and Fee Structure | N/A | 313 | |
| | 80 | CARADIGM00012872 | CARADIGM00012872 | 10/27/2014 | Jonathan Duvall | Sameer Bade | Email re: Presentation from This Morning | N/A | N/A | |
| | 81 | CARADIGM00008307 | CARADIGM00008307 | 10/28/2014 | Tina Mirkheshti | Tamara Glover; David Fraticelli | Email re: Pruitt- Exec meeting | N/A | N/A | |
| | 82 | CARADIGM00008552 | CARADIGM00008552 | 10/30/2014 | Jonathan Duvall | Tina Mirkheshti; Tamara Glover; David Fraticelli; Christopher Winnyk; McCarthy Boyd | Email re: Pruitt: New Use Case Follow up- Clinical Startup | 54 | N/A | |
| | 83 | CARADIGM00012835 | CARADIGM00012871 | 10/31/2014 | Sameer Bade | Jonathan Duvall; Tina Mirkheshti; Tom Poole | Email re: Presentation from 10/27/2014 with attachment | N/A | N/A | |
| | 84 | CARADIGM00019564 | CARADIGM00019565 | 10/31/2014 | | | Caradigm Internal Report for Pruitt Health | N/A | N/A | |
| | 85 | CARADIGM00019566 | CARADIGM00019567 | 11/7/2014 | | | Caradigm Internal Report for Pruitt Health | N/A | N/A | |
| | 86 | Pruitt00002084 | Pruitt00002086 | 11/13/2014 | Jonathan Duvall | Dan Martin | Email re: 2014 Annual Review | 27 | N/A | |
| | 87 | CARADIGM00008956 | CARADIGM00008956 | 11/15/2014 | Tamara Glover | Tina Mirkheshti | Email re: Pruitt - Accomplishments | N/A | N/A | |
| | 88 | Pruitt00000071 | Pruitt000073 | 11/20/2014 | Jonathan Duvall | Jonathan Duvall; McCarthy Boyd; Crystal Bowens; Francine Rainer; Annette Salisbury; Kimberli Black; Daniel Wyman | Appointment Reminder for 11/24/2014 Blue Jeans Meeting Invite-Clinical Prep meeting for Caradigm | 55 | N/A | |
| | 89 | Pruitt00002066 | Pruitt00002067 | 11/20/2014 | Jonathan Duvall | Ann Damon; Renee Meeks; McCarthy Boyd | Email re: Emailing: Pharmacy Use Case | 56 | N/A | |
| | 90 | Pruitt00001282 | Pruitt00001285 | 11/20/2014 | Crystal Bowens | Jonathan Duvall | Email re: Meeting for Monday | N/A | N/A | |
| | 91 | Pruitt00000516 | Pruitt00000519 | 11/21/2014 | Jonathan Duvall | Dan Martin | Email re: 11_21_2014_ED_BAS Status report with attachment | 57 | N/A | |
| | 92 | CARADIGM00014648 | CARADIGM00014648 | 11/25/2014 | Tamara Glover | Christopher Winnyk | Email re: Status Report 11/25/2014 | N/A | N/A | |
| | 93 | CARADIGM00009169 | CARADIGM00009169 | 11/26/2014 | Tamara Glover | Jonathan Duvall; McCarthy Boyd; Tina Mirkheshti; David Fraticelli; Richard Heim; Christopher Winnyk | Email re: Pruitt Health-Onsite Use Case Visit Dec. 4-5 | 59 | 43 | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 94 | Pruitt00000004 | Pruitt00000004 | 12/3/2014 | Jonathan Duvall | Jonathan Duvall; Tina Mirkheshti; Tamara Glover; David Fraticelli; Crystal Bowens; Daniel Wyman; Francine Rainer; Wendy Meinert; Annette Salisbury; Kimberli Black; McCarthy Boyd; Sherry Johnson; Dan Martin; Donna Street; Bobbie Hoover | Appointment Reminder for 12/04/2014 Caradigm Meeting | 58 | N/A | |
| | 95 | CARADIGM00009210 | CARADIGM00009220 | 12/3/2014 | Jonathan Duvall | Crystal Bowens; Daniel Wyman; Francine Rainer; Wendy Meinert; Annette Salisbury; Kimberli Black; McCarthy Boyd; Sherry Johnson; Donna Street; Bobbie Hoover; Tina Mirkheshti; Tamara Glover; David Fraticelli; Dan Martin | Email re: Documentation for Clinical Startup Requirements Meeting with attachments | N/A | N/A | |
| | 96 | Pruitt00000156 | Pruitt00000156 | 12/4/2014 | Jonathan Duvall | Dan Martin; Jonathan Duvall | Email re: Conversation with Dan Martin | 60 | N/A | |
| | 97 | Pruitt00000645 | Pruitt00000679 | 12/5/2014 | Tamara Glover | Jonathan Duvall; McCarthy Boyd | Email re: Caradigm Implementation Guide-Pruitt with attachment | 108 | N/A | |
| | 98 | CARADIGM00011190 | CARADIGM00011190 | 12/10/2014 | Tamara Glover | Christopher Winnyk | Email re: Status Report 12/10/2014 | N/A | 319 | |
| | 99 | CARADIGM00020555 | CARADIGM00020556 | 12/10/2014 | Tamara Glover | David Fraticelli; Richard Heim; Ayako Watanabe; Andy Clarke; Justin Mason | Email re: Pruitt Technical Task Plan - 12102014.xlsx with attachment | N/A | N/A | |
| | 100 | Pruitt00000089 | Pruitt00000089 | 12/12/2014 | Tamara Glover | Tamara Glover; David Fraticelli; Kurt Thorne; Jonathan Duvall | Appointment Reminder for 12/18/2014 Pruitt CIP-Patient Matching Discussion with Customer | 78 | N/A | |
| | 101 | CARADIGM00020831 | CARADIGM00020831 | 12/12/2014 | Tamara Glover | Tamara Glover; David Fraticelli | Email re: Conversation with Tamara Glover | N/A | 93, 137 | |
| | 102 | CARADIGM00010903 | CARADIGM00010903 | 12/12/2014 | Tamara Glover | Tina Mirkheshti; Tamara Glover | Email re: Conversation with Tina Mirkheshti | N/A | N/A | |
| | 103 | CARADIGM00011649 | CARADIGM00011649 | 12/12/2014 | David Fraticelli | Sriram Devarakonda; Ray Kannan; Christopher Winnyk; Kurt Thorne; Tamara Glover | Email re: Pruitt - Patient Matching | N/A | 130, 320 | |
| | 104 | Pruitt00000542 | Pruitt00000543 | 12/16/2014 | Tamara Glover | Jonathan Duvall | Email re: Housekeeping | 61 | N/A | |
| | 105 | Pruitt00009643 | Pruitt00009649 | 12/17/2014 | Dan Martin | Bret Hurst | Email re: Follow up to discussion this morning: FW: AHT | 112 | N/A | |
| | 106 | Pruitt00009882 | Pruitt00009887 | 12/17/2014 | Mary Ousley | Daniel Wyman | Email re: Follow up to discussion this morning: FW: AHT | 113 | N/A | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 107 | CARADIGM00011622 | CARADIGM00011623 | 12/18/2014 | David Fraticelli | Sriram Devakonda; Brian Nerzig; Ray Kannan; Christopher Winnyk; Kurt Thorne; Tamara Glover | Email re: Pruitt - Patient Matching | N/A | 92, 321 | |
| | 108 | CARADIGM00010464 | CARADIGM00010464 | 12/18/2014 | Tamara Glover | David Fraticelli; Kurt Thorne; Jonathan Duvall; Tina Mirkheshti | Meeting Notice re: Pruitt CIP - Patient Matching Discussion with Customer | N/A | 131, 206 | |
| | 109 | CARADIGM00014675 | CARADIGM00014675 | 12/18/2014 | Tamara Glover | Christopher Winnyk | Email re: Status Report 12/18/2014 | N/A | N/A | |
| | 110 | CARADIGM00021386 | CARDIGM00021387 | 12/19/2014 | Tamara Glover | David Fraticelli | Email re: Caradigm Project Contact List.xlsx with attachment | 62 | 123 | |
| | 111 | Pruitt00000511 | Pruitt00000515 | 12/19/2014 | Jonathan Duvall | Dan Martin | Email re: 12_19_2014_ED_BAS with attachment | 65 | N/A | |
| | 112 | CARADIGM00010335 | CARADIGM00010337 | 12/19/2014 | | | Caradigm Internal Report for Pruitt Health | N/A | 135 | |
| | 113 | CARADIGM00009315 | CARADIGM00009315 | 12/19/2014 | Ben Chronister | Tina Mirkheshti | Email re: Pruitt Health - Patient Matching Discussion | N/A | 210 | |
| | 114 | Pruitt00000540 | Pruitt00000541 | 12/19/2014 | Tamara Glover | Jonathan Duvall; McCarthy Boyd; David Fraticelli; Tina Mirkheshti | Email re: Pruitt-CIP - January 6/7 availability | N/A | N/A | |
| | 115 | Pruitt00001223 | Pruitt00001224 | 12/23/2014 | Jonell Hollis | Jonathan Duvall; Dan Martin | Email re: Caradigm "Kick Off Meeting" | 66 | N/A | |
| | 116 | Pruitt00000531 | Pruitt00000534 | 12/23/2014 | Tamara Glover | Jonathan Duvall | Email re: 27th or 10th Kickoff | 67 | 401, Tab 11 | |
| | 117 | CARADIGM00011534 | CARADIGM00011535 | 1/5/2015 | Jonathan Duvall | Tamara Glover | Email re: 27th or 10th Kickoff | 68 | N/A | |
| | 118 | CARADIGM00009319 | CARADIGM00009320 | 1/5/2015 | Tina Mirkheshti | Ben Chronister | RE: Pruitt Health - Patient Matching Discussion | N/A | N/A | |
| | 119 | CARADIGM00009322 | CARADIGM00009322 | 1/5/2015 | Tina Mirkheshti | David Fraticelli; Tamara Glover | Email re: Pruitt - Patient Matching | N/A | 136, 211 | |
| | 120 | Pruitt00000529 | Pruitt00000530 | 1/6/2015 | Tamara Glover | Daniel Wyman; Dan Martin; Jonathan Duvall; McCarthy Boyd | Email re: Pruitt Health-CIP Kick Off Meeting- Date Request | 69 | 138 | |
| | 121 | Pruitt00000509 | Pruitt00000510 | 1/9/2015 | Jonathan Duvall | Dan Martin | Email re: Pre-status Report | N/A | N/A | |
| | 122 | Pruitt00006862 | Pruitt00006864 | 1/11/2015 | Mary Ousley | Mary Ousley | Appointment Reminder for 01/19/2015 Long ELT Meeting on Monday, January 19th with attachments | 71 | N/A | |
| | 123 | Pruitt00001777 | Pruitt00001778 | 1/12/2015 | Jonathan Duvall | Dan Martin | Email re: Caradigm Summary Report with attachment | 117 | N/A | |
| | 124 | CARADIGM00011498 | CARADIGM00011500 | 1/12/2015 | Tina Mirkheshti | Tamara Glover; Karen Chin Reasoner | Email re: PruittHealth: Cash Flow Analysis with attachment | N/A | 151 | |
| | 125 | Pruitt00001217 | Pruitt00001217 | 1/12/2015 | David Fraticelli | Jonathan Duvall; Tamara Glover; Tina Mirkheshti | Pruitt - Patient Matching Analysis | N/A | N/A | |
| | 126 | Pruitt00000523 | Pruitt00000524 | 1/13/2015 | Tamara Glover | Daniel Wyman; Dan Martin; Jonathan Duvall; McCarthy Boyd | Email re: PruittHealth- CIP Kick Off Meeting - Date Request | N/A | N/A | |
| | 127 | Pruitt00001775 | Pruitt00001775 | 1/13/2015 | Jonathan Duvall | Dan Martin; Daniel Wyman | Email re: Caradigm Kickoff Date | N/A | N/A | |
| | 128 | CARADIGM00009485 | CARADIGM00009488 | 1/14/2015 | Tina Mirkheshti | Karen Chin Reasoner | Email re: Pruitt Update | N/A | 215 | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 129 | CARADIGM00011494 | CARADIGM00011495 | 1/14/2015 | David Fraticelli | Ayako Watanabe; Richard Heim; Andy Clarke; Justin Mason | Email re: Pruitt - Pre-Analysis Tech Task Plan with attachment | N/A | N/A | |
| | 130 | Pruitt00001747 | Pruitt00001749 | 1/15/2015 | Jonathan Duvall | Dan Martin | Email re: Caradigm Project Status 1_15_2015 with attachment | 22 | N/A | |
| | 131 | Pruitt00001757 | Pruitt00001764 | 1/15/2015 | Jonathan Duvall | Tamara Glover; David Fraticelli; McCarthy Boyd | Email re: Caradigm Clinical Startup Meeting Requirements with attachment | N/A | N/A | |
| | 132 | CARADIGM00021405 | CARADIGM00021406 | 1/16/2015 | David Fraticelli | Jonathan Duvall | Email re: Matching Fields | N/A | 102 | |
| | 133 | CARADIGM00009539 | CARADIGM00009539 | 1/17/2015 | Jonathan Duvall | Tamara Glover; McCarthy Boyd; David Fraticelli; Tina Mirkheshti | Email re: Pruitt- Kick Off check in | N/A | N/A | |
| | 134 | Pruitt00000520 | Pruitt00000521 | 1/19/2015 | Tamara Glover | Jonathan Duvall; McCarthy Boyd; David Fraticelli; Tina Mirkheshti | Email re: Pruitt-Kick Off check in | 70 | N/A | |
| | 135 | Pruitt00001740 | Pruitt00001740 | 1/19/2015 | Jonathan Duvall | Dan Martin | Email re: Caradigm | 72 | N/A | |
| | 136 | Pruitt00009610 | Pruitt00009611 | 1/19/2015 | Dan Martin | Dan Martin | Task Reminder for Task Request: Prepare RFP to replace AHT | 79 | N/A | |
| | 137 | Pruitt00010187 | Pruitt00010189 | 1/19/2015 | | Neil Pruitt; Ryan Beddingfield; Phil Small; Daniel Wyman; Mary Ousley; George Hunt; Dan Martin; Rich Gardner; Rob Strang; Nick Williams; Chuck Brown; Debra Harwell; Kevin Metz; Jonell Hollis | ELT Meeting Minutes | 109 | N/A | |
| | 138 | Pruitt00010191 | Pruitt00010193 | 1/19/2015 | Jonathan Duvall | McCarthy Boyd | Text Messages re: Date for Caradigm | 110 | N/A | |
| | 139 | CARADIGM00009562 | CARADIGM00009565 | 1/20/2015 | Tina Mirkheshti | Ben Chronister | Email re: Pruitt Health - Patient Matching Discussion with attachment | N/A | 52, 100 | |
| | 140 | CARADIGM00009622 | CARADIGM00009622 | 1/21/2015 | Tina Mirkheshti | Joseph Papesch | Email re: Dev license billing at Pruitt | N/A | 36, 401 Tab 8 | |
| | 141 | CARADIGM00009595 | CARADIGM00009597 | 1/21/2015 | Tina Mirkheshti | Bernie May; Joseph Papesch; Sameer Bade; Tim Collins | Email re: Pruitt_Patient_Matching options FEEDBACK REQUESTED | N/A | N/A | |
| | 142 | Pruitt00001707 | Pruitt00001707 | 1/22/2015 | Jonathan Duvall | Ben Hurst | Email re: Cognizant | 73 | N/A | |
| | 143 | CARADIGM00010864 | CARADIGM00010864 | 1/22/2015 | Tamara Glover | Tina Mirkheshti; Tamara Glover | Email re: Conversation with Tina Mirkheshti | N/A | 145 | |
| | 144 | CARADIGM00009647 | CARADIGM00009648 | 1/23/2015 | Tina Mirkheshti | Sameer Bade; Bernie May; Tim Collins; Joseph Papesch | Email re: Pruitt Resolved! | N/A | 33 | |
| | 145 | CARADIGM00009665 | CARADIGM00009667 | 1/23/2015 | Bernie May | Tina Mirkheshti; Joseph Papesch | Email re: Pruitt Resolved! | N/A | 34, 47 | |
| | 146 | CARADIGM00009634 | CARADIGM00009634 | 1/23/2015 | Karen Chin Reasoner | Steve Shihadeh; Tim Collins; Tina Mirkheshti; Tamara Glover | Email re: Pruitt Resolved! | N/A | 54, 101 | |
| | 147 | CARADIGM00010304 | CARADIGM00010305 | 1/23/2015 | | | Caradigm Internal Report for Pruitt Health | N/A | 81, 134 | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 148 | Pruitt00001706 | Pruitt00001706 | 1/26/2015 | Jonathan Duvall | Crystal Bowens; McCarthy Boyd; Annette Salisbury; Kimberli Black; Sherry Johnson; Francine Rainer; Wendy Meinert; Daniel Wyman; Lisa Dickert; David Fraticelli; Tamara Glover | Email re: Caradigm-Clinical Start-up Planning | 74 | N/A | |
| | 149 | Pruitt00000151 | Pruitt00000151 | 1/27/2015 | Jonathan Duvall | Dan Martin; Jonathan Duvall | Email re: Conversation with Dan Martin | 114 | N/A | |
| | 150 | CARADIGM00019077 | CARADIGM00019078 | 1/27/2015 | Ben Chronister | Henner Carsten Dierks | Email re: Patient Matching at Pruitt or another customer site (RFC 226812) | N/A | 56 | |
| | 151 | CARADIGM00009730 | CARADIGM0009730 | 1/28/2015 | Tina Mirkheshti | Dan Martin; Jonathan Duvall; McCarthy Boyd | Email re: PruittHealth: Potential Dates - CIP Project Kick-Off Meeting | N/A | N/A | |
| | 152 | CARADIGM00009736 | CARADIGM00009736 | 1/28/2015 | Tina Mirkheshti | Christopher Winnyk; Sriram Devarakonda; Karen Chin Reasoner | Email re: PruittHealth: Change Order | N/A | 84, 173, 207 | |
| | 153 | CARADIGM00016166 | CARADIGM00016166 | 1/28/2015 | Christopher Winnyk | Tina Mirkheshti; Sriram Devarakonda; Karen Chin Reasoner | Email re: PruittHealth: Change Order | N/A | N/A | |
| | 154 | CARADIGM00009823 | CARADIGM00009823 | 1/29/2015 | Tina Mirkheshti | Karen Chin Reasoner | Email re: PruittHealth-Urgent | 23 | 401, tab 12 | |
| | 155 | Pruitt00001705 | Pruitt00001705 | 1/29/2015 | Jonathan Duvall | Tamara Glover; McCarthy Boyd | Email re: Status Call Today | 75 | N/A | |
| | 156 | CARADIGM00021404 | CARADIGM00021404 | 1/29/2015 | David Fraticelli | Jonathan Duvall; Tamara Glover; Tina Mirkheshti | Email re: Pruitt - Follow Up | N/A | N/A | |
| | 157 | CARADIGM00009814 | CARADIGM00009815 | 1/29/2015 | Tina Mirkheshti | Dan Martin | Email re: PruittHealth: Potential Dates - CIP Project Kick-Off Meeting | N/A | N/A | |
| | 158 | CARADIGM00010306 | CARADIGM00010307 | 1/30/2015 | | | Caradigm Internal Report for Pruitt Health | N/A | 82 | |
| | 159 | CARADIGM00014751 | CARADIGM00014751 | 2/4/2015 | Tamara Glover | Christopher Winnyk | Email re: PruittHealth: Update | N/A | 219 | |
| | 160 | Pruitt00010190 | Pruitt00010190 | 2/5/2015 | Jonathan Duvall | Dan Martin | Email re: Caradigm | 115 | N/A | |
| | 161 | CARADIGM00000690 | CARADIGM00000690 | 2/5/2015 | Tina Mirkheshti | Joseph Papesch | Email re: How are things tracking for Pruitt kickoff next week? | N/A | 37 | |
| | 162 | CARADIGM00009859 | CARADIGM00009859 | 2/5/2015 | Jonathan Duvall | Tamara Glover; McCarthy Boyd; Tina Mirkheshti; Dan Martin | Email re: Pruitt Weekly Status Calls | N/A | 220 | |
| | 163 | CARADIGM00022226 | CARADIGM00022227 | 2/5/2015 | | | Summary of PruittHealth Status | N/A | N/A | |
| | 164 | CARADIGM00009886 | CARADIGM00009887 | 2/6/2015 | Tina Mirkheshti | Karen Chin Reasoner | Email re: Pruitt update | 24 | N/A | |
| | 165 | CARADIGM00010341 | CARADIGM00010342 | 2/6/2015 | | | Caradigm Internal Report for Pruitt Health | N/A | 83 | |
| | 166 | CARADIGM00009888 | CARADIGM00009889 | 2/9/2015 | Tina Mirkheshti | Dan Martin | Email re: Defining Next Steps | 25 | N/A | |
| | 167 | Pruitt00001690 | Pruitt00001696 | 2/9/2015 | Jonathan Duvall | Dan Martin | Email re: Status Report and McKesson Environment Document | 76 | N/A | |
| | 168 | Pruitt00001197 | Pruitt00001198 | 2/10/2015 | Tina Mirkheshti | Jonathan Duvall; McCarthy Boyd | Email re: PruittHealth: Checking in | 77 | N/A | |
| | 169 | Pruitt00007437 | Pruitt00007441 | 3/18/2015 | Jonathan Duvall | Wendy Meinert; Francine Rainer; Daniel Wyman | Email re: Footprint of Equipment | 80 | N/A | |
| | 170 | CARADIGM00010047 | CARADIGM00010047 | 3/26/2015 | Tina Mirkheshti | Joseph Papesch | Email re: Morbid curiosity | N/A | N/A | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 171 | Pruitt00010124 | Pruitt00010135 | 3/30/2015 | Ryan Beddingfield | Ryan Beddingfield | Email re: ELT | 111 | N/A | |
| | 172 | Pruitt00007366 | Pruitt00007377 | 4/22/2015 | Jonathan Duvall | Sherry Johnson; Crystal Bowens; Wendy Meinert; Annette Salisbury; Tracy Adams; Mitch Clary; Kevin Brenan; Shelly Moses; Aimee Pastore; Elizabeth Sergeant; Stephanie Good; John Bick; Alice Lambo; Jonathan Duvall; Lisa Dickert; Richard Bailey; Kevin Metz; Debra Harwell; Francine Rainer; Bret Hurst; Dan Martin; Phil Small; Daniel Wyman | Email re: Request for Proposals for PruittHealth's Skilled Nursing & Assisted Living her with attachments | 81 | N/A | |
| | 173 | Pruitt00009819 | Pruitt00009820 | 8/25/2015 | Mary Ousley | Daniel Wyman; Dan Martin; Phil Small; Neil Pruitt | Email re: EMR | N/A | N/A | |
| | 174 | N/A | N/A | 8/27/2015 | | | Answer and Counterclaims | 116 | N/A | |
| | 175 | N/A | N/A | 10/28/2015 | | | Pruitt's Responses to Caradigm's First Requests for Admission | N/A | N/A | |
| | 176 | N/A | N/A | 10/28/2015 | | | Pruitt's Responses to Caradigm's First Requests for Production | N/A | N/A | |
| | 177 | Pruitt00009806 | Pruitt00009806 | 12/7/2015 | Daniel Wyman | Neil Pruitt; Phil Small; Mary Ousley | Email re: EHR RFP | N/A | N/A | |
| | 178 | CARADIGM00025283 | CARADIGM00025284 | 2/18/2016 | Dan Martin | Joseph Papesch | Email re: Dinner next week? Tampa Monday or Tuesday? | N/A | N/A | |
| | 179 | N/A | N/A | 6/10/2016 | | | Notice of Deposition of Dan Martin as Rule 30(B)(6) Representative for Defendant PruittHealth, Inc. | 88 | N/A | |
| | 180 | N/A | N/A | 5/30/2017 | | | Order on the parties' motions for summary judgment [Dkt. 83] | N/A | N/A | |
| | 181 | CARADIGM00000001 | CARADIGM00000001 | N/A | | | Pruitt invoices history spreadsheet | N/A | 107, 401 Tab 20 | |
| | 182 | Pruitt00000204 | Pruitt00000208 | | Dan Martin | | Email re: Emailing: McKesson Businesses Use Case McCarthy, McKesson Businesses Use Case | 63 | N/A | |
| | 183 | N/A | N/A | 8/15/2016 | | | Affidavit of Ian Ratner and attached materials | N/A | N/A | |
| | 184 | N/A | N/A | | | | Ratner Schedules Footnote Binder 1 of 1 | N/A | 400 | |
| | 185 | CARADIGM00009125 | CARADIGM00009127 | 11/19/2014 | Katerina Polechronis | Tamara Glover; Tina Mirkheshti; Christopher Winnyk; Chanya Swartz | Email re: ZZ_RECUR_PENDING_MILESTONE-4437749.xls- Pruitt with attachment | N/A | 401, Tab 9 | |
| | 186 | CARADIGM00011451 | CARADIGM00011451 | 1/23/2015 | David Fraticelli | Tamara Glover; Sriram Devarakonda; Ray Kannan; Tina Mirkheshti | Email re: Pruitt resolved! - Patient Matching-reopen RFC | N/A | 401, Tab 10 | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 187 | CARADIGM00011425 | CARADIGM00011426 | 1/26/2015 | David Fraticelli | Tamara Glover | Email re: Pruitt - For our discussion with attachment | N/A | 401, Tab 19; 407 | |
| | 188 | CARADIGM00018600 | CARADIGM00018600 | 1/1/2016 | | | Caradigm Salary Information | N/A | 401, Tab 21 | |
| | 189 | CARADIGM00018438 | CARADIGM00018438 | 7/11/2013 | | | Caradigm Invoice CAR0000001812 | N/A | 401, Tab 27 | |
| | 190 | CARADIGM00018439 | CARADIGM00018439 | 8/13/2013 | | | Caradigm Credit Invoice CAR0000001964 | N/A | 401, Tab 28 | |
| | 191 | CARADIGM00000002 | CARADIGM00000002 | 1/23/2014 | | | Caradigm Invoice CAR0000002839 | N/A | 401, Tab 29 | |
| | 192 | CARADIGM00000003 | CARADIGM00000004 | 2/20/2014 | | | Caradigm Invoice CAR0000002954 | N/A | 401, Tab 30 | |
| | 193 | CARADIGM00018440 | CARADIGM00018440 | 3/7/2014 | | | Caradigm  Invoice CAR0000003049 | N/A | 401, Tab 31 | |
| | 194 | CARADIGM00018442 | CARADIGM00018442 | 5/12/2014 | | | Caradigm Credit Invoice CAR0000003286 | N/A | 401, Tab 32 | |
| | 195 | CARADIGM00000005 | CARADIGM00000006 | 3/20/2014 | | | Caradigm Invoice CAR0000003100 | N/A | 401, Tab 33 | |
| | 196 | CARADIGM00000007 | CARADIGM00000008 | 3/26/2014 | | | Caradigm Invoice CAR0000003158 | N/A | 401, Tab 34 | |
| | 197 | CARADIGM00018441 | CARADIGM00018441 | 4/4/2014 | | | Caradigm Invoice CAR0000003192 | N/A | 401, Tab 35 | |
| | 198 | CARADIGM00018443 | CARADIGM00018443 | 5/12/2014 | | | Caradigm Credit Invoice CAR0000003287 | N/A | 401, Tab 36 | |
| | 199 | CARADIGM00000009 | CARADIGM00000009 | 4/17/2014 | | | Caradigm Invoice CAR0000003227 | N/A | 401, Tab 37 | |
| | 200 | CARADIGM00018444 | CARADIGM00018444 | 6/19/2014 | | | Caradigm Invoice CAR0000003572 | N/A | 401, Tab 38 | |
| | 201 | CARADIGM00018445 | CARADIGM00018445 | 6/19/2014 | | | Caradigm Credit Invoice CAR0000003573 | N/A | 401, Tab 39 | |
| | 202 | CARADIGM00007295 | CARADIGM00007295 | 8/20/2014 | | | Caradigm Credit Invoice CAR0000003870 | N/A | 401, Tab 40 | |
| | 203 | CARADIGM00018446 | CARADIGM00018446 | 8/21/2014 | | | Caradigm Invoice CAR0000003857 | N/A | 401, Tab 41 | |
| | 204 | CARADIGM00018448 | CARADIGM00018448 | 8/21/2014 | | | Caradigm Credit Invoice CAR0000003871 | N/A | 401, Tab 42 | |
| | 205 | CARADIGM00018449 | CARADIGM00018449 | 8/21/2014 | | | Caradigm Invoice CAR0000003872 | N/A | 401, Tab 43 | |
| | 206 | CARADIGM00018447 | CARADIGM00018447 | 8/21/2014 | | | Caradigm Credit Invoice CAR0000003868 | N/A | 401, Tab 44 | |
| | 207 | CARADIGM00000011 | CARADIGM00000011 | 9/5/2014 | | | Caradigm Invoice CAR0000003900 | N/A | 401, Tab 45 | |
| | 208 | CARADIGM00009127 | CARADIGM00009127 | 11/19/2014 | | | Caradigm Invoice CAR0000004261 | N/A | 401, Tab 46 | |
| | 209 | CARADIGM00000012 | CARADIGM00000012 | 12/5/2014 | | | Caradigm Invoice CAR0000004294 | N/A | 401, Tab 47 | |
| | 210 | CARADIGM00000013 | CARADIGM00000013 | 12/5/2014 | | | Caradigm Invoice CAR0000004366 | N/A | 401, Tab 48 | |
| | 211 | CARADIGM00000014 | CARADIGM00000014 | 12/8/2014 | | | Caradigm Invoice CAR0000004399 | N/A | 401, Tab 49 | |

| ADMITTED | TRIAL EXHIBIT NO. | BEGDOC | ENDDOC | DATE | FROM | TO | DESCRIPTION | P's DEPO EX. NO. | D's DEPO EX. NO. | Defendant's Objection(s) |
|---|---|---|---|---|---|---|---|---|---|---|
| | 212 | CARADIGM00000015 | CARADIGM00000015 | 1/9/2015 | | | Caradigm Invoice CAR0000004557 | N/A | 401, Tab 50 | |
| | 213 | CARADIGM00000016 | CARADIGM00000016 | 2/6/2015 | | | Caradigm Invoice CAR0000004646 | N/A | 401, Tab 51 | |
| | 214 | CARADIGM00000017 | CARADIGM00000017 | 3/30/2015 | | | Caradigm Invoice CAR0000004818 | N/A | 401, Tab 52 | |
| | 215 | CARADIGM00000018 | CARADIGM00000018 | 3/31/2015 | | | Caradigm Invoice CAR0000004835 | N/A | 401, Tab 53 | |
| | 216 | CARADIGM00000019 | CARADIGM00000019 | 4/10/2015 | | | Caradigm Invoice CAR0000004871 | N/A | 401, Tab 54 | |
| | 217 | CARADIGM00000020 | CARADIGM00000020 | 5/8/2015 | | | Caradigm Invoice CAR0000004977 | N/A | 401, Tab 55 | |
| | 218 | CARADIGM00000021 | CARADIGM00000021 | 6/4/2015 | | | Caradigm Invoice CAR0000005064 | N/A | 401, Tab 56 | |
| | 219 | CARADIGM00000022 | CARADIGM00000022 | 6/4/2015 | | | Caradigm Invoice CAR0000005125 | N/A | 401, Tab 57 | |
| | 220 | CARADIGM00000023 | CARADIGM00000023 | 7/10/2015 | | | Caradigm Invoice CAR0000005312 | N/A | 401, Tab 58 | |
| | 221 | CARADIGM00025106 | CARADIGM00025106 | 12/28/2015 | | | Caradigm Refund Adjustment OA-12873 | N/A | 401, Tab 59 | |
| | 222 | CARADIGM00025107 | CARADIGM00025107 | 7/27/2016 | | | Pruitt Technical Task Plan - UpdateAllocation_daf | N/A | 401, Tab 60 | |
| | 223 | CARADIGM00025100 | CARADIGM00025105 | | | | Pruitt Checks: 10/22/14, 12/17/14, 1/21/15, 2/18/15, 3/11/15 | N/A | 401, Tab 64 | |
| | 224 | | | | | Intentionally Omitted | | | | |
| | 225 | | | | | Intentionally Omitted | | | | |
| | 226 | | | | | Intentionally Omitted | | | | |
| | 227 | CARADIGM00025183 | CARADIGM00025282 | 5/27/15-8/31/2017 | | | Bondurant Mixson & Elmore Fees & Costs through August 31, 2017 | N/A | N/A | |
| | 228 | | | 9/1/2017 - Trial | | | Bondurant Mixson & Elmore Fees & Costs from September 1, 2017 forward (forthcoming at trial) | N/A | N/A | |
| | | | | | | | All other pleadings and discovery | N/A | N/A | |
| | | | | | | | Demonstratives for use at trial | N/A | N/A | |
| By listing a document on its exhibit list, plaintiff makes no concession of the document's admissibility or relevance. | | | | | | | | | | |
| The plaintiff reserves the right to introduce at trial any documents listed by Defendant on its exhibit list. | | | | | | | | | | |
| The plaintiff reserves the right to introduce at trial additional documents for impeachment or rebuttal, the need for which cannot be reasonably foreseen at this this time. | | | | | | | | | | |
| The plaintiff reserves the right to amend their exhibit list to include any documents produced after the filing of the proposed pretrial order. | | | | | | | | | | |
| | | | | | | | | | | |
| Defendant to begin numbering its trial exhibits at 300 | | | | | | | | | | |

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CARADIGM USA LLC,

     Plaintiff,

v.

PRUITTHEALTH, INC.,

     Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

**ATTACHMENT "G-2"**
**DEFENDANT'S TRIAL EXHIBIT LIST**

Defendant provides this list of all documentary and physical evidence that will

be tendered at trial unless solely for impeachment.

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 300 | Cloud Services Agreement Policy | CARADIGM 00022408-16 | | |
| | 301 | Dec. 5, 2014 e-mail from T. Glover to J. Duvall and M. Boyd | Pruitt000006 45-79 | | |
| | 302 | Jan. 15, 2015 e-mail from J. Duvall to T. Glover and D. Fraticelli | Pruitt000017 57-64 | | |
| | 303 | Mar. 18, 2012 Letter from J. Papesch to D. Martin | CARADIGM 00000221-23 | | |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 304 | March 30, 2012 Microsoft-UHS-Pruitt Presentation | CARADIGM 00023445-47, 55-62 | | |
| | 305 | Oct. 30, 2012 UHS-Pruitt Pricing Proposal – Draft for Discussion | Pruitt000053 35-42 | | |
| | 306 | Pre-Feb. 2013 meeting internal Caradigm e-mail | CARADIGM 00012795-834 | | |
| | 307 | Feb. 27, 2013 e-mail from J. Papesch to D. Martin | CARADIGM 00001040-41 | | |
| | 308 | Mar. 15, 2013 C. Winnyk e-mail to J. Papesch | CARADIGM 00016441 | | |
| | 309 | Jan. 22, 2015 e-mail from S. Shihadeh to T. Mirkheshti and J. Papesch | CARADIGM 00009627 | | |
| | 310 | June 24, 2013 e-mail from J. Papesch to C. Winnyk | CARADIGM 00016340 | | |
| | 311 | Oct. 25, 2013 e-mail from S. Shihadeh to J. Papesch | CARADIGM 00024209 | | |
| | 312 | Oct. 27, 2014 PowerPoint presentation by S. Bade and T. Mirkheshti | CARADIGM 00012216-55 | | |
| | 313 | Nov. 29, 2014 e-mail from T. Mirkheshti to J. Duvall and M. Boyd | Pruitt000012 95-97 | | |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 314 | Jan. 12, 2015 e-mail from T. Mirkheshti to J. Papesch | CARADIGM 00009467 | | |
| | 315 | Jan. 12, 2015 e-mail from J. Papesch to T. Mirkheshti | CARADIGM 00009430-36 | | |
| | 316 | Jan. 16, 2015 e-mails between B. May and D. Fraticelli | CARADIGM 00002084 | | |
| | 317 | Jan. 23, 2015 e-mails from S. Bade to B. May and T. Mirkheshti | CARADIGM 00009647-48 | | |
| | 318 | Jan. 23, 2015 e-mail from B. May to T. Mirkheshti | CARADIGM 00009665-67 | | |
| | 319 | Mar. 12, 2015 e-mail from B. Chronister to S. Devarakonda, N. Singh, H.C. Dierks and M. Robinson | CARADIGM 00019112 | | |
| | 320 | Jan. 21, 2015 e-mail from T. Mirkheshti to J. Papesch | CARADIGM 00009622 | | |
| | 321 | Feb. 5, 2015 PruittHealth Status | CARADIGM 00022226-27 | | |
| | 322 | Feb. 15, 2013 PowerPoint presentation | CARADIGM 00000542-80 | | |
| | 323 | Mar. 7, 2013 PowerPoint presentation | CARADIGM 00000362-70 | | |
| | 324 | Jan. 5, 2015 e-mail from B. Chronister to T. Mirkheshti | CARADIGM 00012697-98 | | |

|  | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
|  | 325 | Jan. 21, 2015 e-mail from B. May to T. Mirkheshti | CARADIGM 00013024-26 |  |  |
|  | 326 | Jan. 5, 2015 e-mail from T. Mirkheshti to D. Fraticelli | CARADIGM 00009322 |  |  |
|  | 327 | Dec. 19, 2014 e-mail from B. Chronister to D. Fraticelli | CARADIGM 00019121-22 |  |  |
|  | 328 | Dec. 19, 2014 e-mail from B. Chronister to T. Mirkheshti | CARADIGM 00009324-25 |  |  |
|  | 329 | Jan. 6, 2015 e-mail from T. Glover to C Winnyk, S. Devarkonda, K.C. Reasoner, D. Fraticelli and T. Mirkheshti | CARADIGM 00009347-48 |  |  |
|  | 330 | Jan. 5, 2015 e-mail from B. Chronister to T. Mirkheshti | CARADIGM 00009562-66 |  |  |
|  | 331 | Dec. 19, 2014 e-mail from B. Chronister to H.C. Dierks | CARADIGM 00019131-32 |  |  |
|  | 332 | Jan. 23, 2015 e-mail from KC Reasoner to S. Shihadeh and Tim Collins | CARADIGM 00009634 |  |  |
|  | 333 | Jan. 8, 2015 email from H.C. Dierks to D. Fraticelli | CARADIGM 00011413-14 |  |  |
|  | 334 | Jan. 27, 2015 e-mail from H.C. Dierks to B. Chronister | CARADIGM 00019077-78 |  |  |

|  | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
|  | 335 | Presentation | CARADIGM 00000219-20 |  |  |
|  | 336 | Apr. 5, 2013 e-mail from J. Papesch to D. Martin and C. Bryson | CARADIGM 00022336-74 |  |  |
|  | 337 | June 11, 2013 e-mail from E. Kendall to D. Martin | CARADIGM 00023267-73 |  |  |
|  | 338 | Backgrounder on Pruitt | CARADIGM 00001189-99 |  |  |
|  | 339 | July 10, 2013 Sales to Services Handover from J. Papesch | CARADIGM 0000015309-29 |  |  |
|  | 340 | CIP Implementation Methodology Phases Overview, June 2013 | CARADIGM 00000344-52 |  |  |
|  | 341 | Aug. 18, 2014 Project Review | CARADIGM 00007111-13 |  |  |
|  | 342 | Dec. 9, 2014 e-mail from D. Fraticelli to S. Devarakonda | CARADIGM 00011671 |  |  |
|  | 343 | Jan. 9, 2015 e-mail from T. Glover to J. Duvall and M. Boyd | CARADIGM 00009392 |  |  |
|  | 344 | Sept. 19, 2014 e-mail from T. Mirkheshti to J. Duvall | CARADIGM 00007779 |  |  |
|  | 345 | July 9, 2014 IM messages between D. Fraticelli and A. Clarke | CARADIGM 00020913 |  |  |
|  | 346 | July 9, 2014 e-mail from T. Mirkheshti to T. Gunther | CARADIGM 00005098-101 |  |  |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 347 | Dec. 12, 2014 IM messages between T. Glover and D. Fraticelli | CARADIGM 00020831 | | |
| | 348 | Jan. 8, 2015 e-mail from H.C. Dierks to D. Fraticelli | CARADIGM 00011505 | | |
| | 349 | Jan. 22, 2015 e-mail from D. Fraticelli to S. Devarakonda, T. Glover, and T. Mirkheshti | CARADIGM 00018558-59 | | |
| | 350 | Jan. 16, 2015 e-mail from D. Fraticelli to J. Duvall | CARADIGM 00021405-06 | | |
| | 351 | PruittHealth Billing Summary | CARADIGM 00000001 | | |
| | 352 | Feb. 10, 2015 e-mail from T. Mirkheshti to M. Simpson, S. Shihadeh, M. Robinson and K.C. Reasoner | CARADIGM 00022244-48 | | |
| | 353 | Dec. 16, 2014 e-mail from J. Duvall to T. Glover | CARADIGM 00014669 | | |
| | 354 | Dec. 10, 2014 e-mail from T. Glover to C. Winnyk | CARADIGM 00011190 | | |
| | 355 | Dec. 9, 2014 IM messages between T. Glover and D. Fraticelli | CARADIGM 00020837-38 | | |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 356 | Dec. 12, 2014 IM messages between T. Glover and C. Winnyk | CARADIGM 00010902 | | |
| | 357 | Dec. 12, 2014 e-mail D. Fraticelli to R. Kannan and S. Devarakonda | CARADIGM 00011649 | | |
| | 358 | Jan. 20, 2015 Project Review | CARADIGM 00009567-70 | | |
| | 359 | Jan. 26, 2015 e-mails between T. Glover and T. Mirkheshti | CARADIGM 00009698 | | |
| | 360 | Internal Report for PruittHealth by Tamara Glover | CARADIGM 00010304-05 | | |
| | 361 | Internal Report for PruittHealth by Tamara Glover | CARADIGM 00010335-37 | | |
| | 362 | Jan. 6, 2015 e-mail from T. Glover to D. Wyman and D. Martin | Pruitt000005 29-30 | | |
| | 363 | Jan. 12, 2015 e-mail from T. Glover to D. Fraticelli and T. Mirkheshti | CARADIGM 00009418-19 | | |
| | 364 | Jan. 12, 2015 Project Review | CARADIGM 00009425-29 | | |
| | 365 | Jan. 15, 2015 e-mail T. Glover to M. Robinson and K.C. Reasoner | CARADIGM 00018501-03 | | |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 366 | Jan. 16, 2015 e-mail from S. Devarakonda to D. Fraticelli, T. Glover and T. Mirkheshti | CARADIGM 00018514-16 | | |
| | 367 | Jan. 22, 2015 IM exchange between T. Mirkheshti and T. Glover | CARADIGM 00010864 | | |
| | 368 | Jan. 28, 2015 e-mail from T. Mirkheshti to C. Winnyk and S. Devarakonda | CARADIGM 00009736-37 | | |
| | 369 | Jan. 5, 2015 e-mail from T. Mirkheshti to B. Chronister | CARADIGM 00009319-20 | | |
| | 370 | Jan. 13, 2015 e-mail from T. Mirkheshti to S. Shihadeh | CARADIGM 00003710 | | |
| | 371 | Jan 14, 2015 e-mail from T. Mirkheshti to K.C. Reasoner | CARADIGM 00009474 | | |
| | 372 | Jan. 14, 2015 e-mail from T. Mirkheshti to KC Reasoner | CARADIGM 00009485-8 | | |
| | 373 | Jan. 15, 2015 e-mail from T. Mirkheshti to B. May | CARADIGM 00009504-05 | | |
| | 374 | Jan 26, 2015 e-mail from T. Mirkheshti to S. Devarakonda | CARADIGM 00009680-83 | | |
| | 375 | Mar. 13, 2013 e-mail | CARADIGM 00021896-920 | | |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 376 | Mar. 15, 2013 e-mail from J. Papesch to N. Pruitt | CARADIGM 00022407-55 | | |
| | 377 | June 24, 2013 e-mail from J. Papesch to M. Meighan | CARADIGM 00000852-64 | | |
| | 378 | June 24, 2013 text message conversation between C. Winnyk and J. Papesch | CARADIGM 00014227-29 | | |
| | 379 | Mar. 13, 2013 e-mail from S. Devarakonda to C. Winnyk and M. Hopmere | CARADIGM 00016484 | | |
| | 380 | Oct. 27, 2014 e-mail from C. Winnyk to J. Duvall and M. Boyd | Pruitt000013 50-51 | | |
| | 381 | Dec. 4, 2014 Meeting OneNote entry | CARADIGM 00014147-48 | | |
| | 382 | Dec. 19, 2014 IM between T. Glover and C. Winnyk | CARADIGM 00014288-89 | | |
| | 383 | Oct. 3, 2014 e-mail from J. Duvall to T. Mirkheshti | Pruitt000032 39-44 | | |
| | 384 | June 30, 2014 e-mail from J. Duvall to T. Mirkheshti and M. Boyd | CARADIGM 00004466-69 | | |
| | 385 | July 9, 2014 e-mail from T. Mirkheshti to J. Duvall, M. Boyd and R. Bailey | Pruitt000035 26-31 | | |

|  | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
|  | 386 | June 10, 2015 Amalga Write-Up | Pruitt0007133-35 |  |  |
|  | 387 | Nov. 13, 2012 e-mail | Pruitt00005335-42 |  |  |
|  | 388 | Todd Gunther One Note | CARADIGM 00012025-99 |  |  |
|  | 389 | Aug. 15, 2014 e-mail from J. Duvall to D. Fraticelli | Pruitt00000746 |  |  |
|  | 390 | July 21, 2014 FrameworkPatient Demographics.xlsx | CARADIGM 00025016 |  |  |
|  | 391 | July 16, 2014 LTCRes6mos.xlsx | CARADIGM 00025017 |  |  |
|  | 392 | Caradigm Intelligence Platform Datasheet | CARADIGM 00016857-59 |  |  |
|  | 393 | Pruitt – CIP Implementation – McKesson Business Unit Use Case | CARADIGM 00019847-51 |  |  |
|  | 394 | Nov. 14, 2014 e-mail from D. Fraticelli to J. Duvall and M. Boyd | Pruitt00001300-18 |  |  |
|  | 395 | Dec. 18, 2014 e-mail from B. Nerzig to S. Devarakonda, D. Fraticelli and R. Kannan | CARADIGM 00020576-77 |  |  |
|  | 396 | Mar. 5, 2015 e-mail from T. Mirkheshti to P. Patel and K. Lemos | CARADIGM 00022285-87 |  |  |

|  | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
|  | 397 | Aug. 5, 2014 e-mail from K. Polechronis to T. Mirkheshti and others | CARADIGM 00006294-360 |  |  |
|  | 398 | July 14, 2014 e-mail from T. Foltz to C. Winnyk, T. Mirkheshti, T. Gunther and others | CARADIGM 00004950-54 |  |  |
|  | 399 | July 15, 2014 e-mail from T. Mirkheshti to T. Poole and C. Swartz | CARADIGM 0004958-63 |  |  |
|  | 400 | InitPatMatching.sql | CARADIGM 00019606-09 |  |  |
|  | 401 | GET_OID.sql | CARADIGM 00019599-603 |  |  |
|  | 402 | Query_From_Kurt.sql | CARADIGM 00019769 |  |  |
|  | 403 | Cloud Services Policy Rev. 6, June 2014 | CARADIGM 00000059-66 |  |  |

- Defendant includes in its Exhibit List all other pleadings filed and discovery served in this action.

- Defendant includes demonstratives for use at trial.

- By listing a document on its exhibit list, Defendant makes no concession as to the document's admissibility or relevance.

- Defendant reserves the right to introduce at trial any documents listed by Plaintiff on its exhibit list.

- Defendant reserves the right to introduce at trial additional documents for impeachment or rebuttal, the need for which cannot be reasonably foreseen by Defendant at this time.

- Defendant reserves the right to amend its exhibit list to include any documents produced after the filing of the proposed pretrial order.

- Defendant reserves the right to amend its exhibit list based upon rulings by the Court on pending motions.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CARADIGM USA LLC,          )
                                       )

      Plaintiff,             )
                                       )    CIVIL ACTION

v.                            )
                                     )    FILE NO.: 1:15-cv-2504-SCJ

PRUITTHEALTH, INC.,         )
f/k/a UHS-PRUITT CORP.,   )
                                       )

      Defendant.         )

## ATTACHMENT "I-1"
## Plaintiff's Proposed Verdict Form

WE, THE JURY, FIND AS FOLLOWS:

1.  The amount of Caradigm USA LLC's ("Caradigm") damages from

    PruittHealth, Inc.'s ("PruittHealth's") breach of contract is

    $_____.

2.  Should Caradigm be awarded interest based on the terms of the parties' contract

    as a result of PruittHealth's breach?

    \_\_\_ Yes  \_\_\_ No

    If yes, the amount of interest PruittHealth owes is:

    $_____.

3. Should Caradigm be awarded prejudgment interest under Georgia law as a result of PruittHealth's breach?

___ Yes  ___ No

If yes, the amount of interest PruittHealth owes is:

$_____.

4. Should Caradigm be awarded reasonable attorneys' fees and expenses as a result of PruittHealth's breach of contract?

___ Yes  ___ No

If yes, the amount of attorneys' fees and expenses PruittHealth owes is:

$_____.

SO SAY WE ALL, this _____ day of _____, _____.

_____
FOREPERSON

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| CARADIGM USA LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO.: 1:15-cv-2504-SCJ |
| PRUITTHEALTH, INC., | |
| Defendant. | |

## ATTACHMENT "I-2"
## DEFENDANT'S PROPOSED JURY SPECIAL VERDICT FORM

Subject to the Court's ruling on Doc. 94 and any motions for judgment as a matter of law that may be filed, Defendant proposes the following Jury Special Verdict Form.

## CERTIFICATION

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Jury Foreperson should then sign and date the verdict form in the spaces below and notify the Bailiff that you have a reached a verdict. The Jury Foreperson should bring this signed and dated Special Verdict Form into the courtroom to return the Jury's Verdict.

---

WE, THE JURY, FIND AS FOLLOWS:

1. Has Caradigm USA LLC ("Caradigm") proved damages proximately caused by

   PruittHealth, Inc.'s ("PruittHealth") breach of contract to a reasonable certainty?

___ Yes  ___ No

Only if yes, the amount of Caradigm's damages proximately caused by PruittHealth's breach of contract proved to a reasonable certainty by Caradigm is $_____.

2. Is Caradigm entitled to recover its reasonable costs and attorneys' fees under Paragraph 10 of the Cloud Services Agreement relating to the collection of past due amounts?

___ Yes  ___ No

Only if yes, the amount of costs and attorneys' fees Caradigm has proved to a reasonable certainty it is entitled to recover under Paragraph 10 of the Cloud Services Agreement is $_____.


SO SAY WE ALL, this _____ day of _____, _____.


_____
FOREPERSON

CARADIGM USA LLC,

     Plaintiff,

v.

PRUITTHEALTH, INC.,

     Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

## ATTACHMENT "J-1"
## PLAINTIFF'S OBJECTIONS TO
## DEFENDANT'S EXHIBIT LIST

Plaintiff hereby lists its objections to Defendant's October 16, 2017 list

(Attachment "G-2") of all documentary and physical evidence that will be tendered

at trial unless solely for impeachment.

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 300 | Cloud Services Agreement Policy | CARADIGM0 0022408-16 | | relevance; FRE 403 |
| | 301 | Dec. 5, 2014 e-mail from T. Glover to J. Duvall & M. Boyd | Pruitt00000645 -79 | | |
| | 302 | Jan. 15, 2015 e-mail from J. Duvall to T. Glover & D. Fraticelli | Pruitt00001757 -64 | | |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 303 | Mar. 18, 2012 Letter from J. Papesch to D. Martin | CARADIGM0 0000221-223 | | relevance; FRE 403 |
| | 304 | March 30, 2012 Microsoft-UHS-Pruitt Presentation | CARADIGM0 0023445-47, 55-62 | | relevance; FRE 403 |
| | 305 | Oct. 30, 2012 UHS-Pruitt Pricing Proposal – Draft for Discussion | Pruitt00005335 -42 | | relevance; FRE 403 |
| | 306 | Pre-Feb. 2013 meeting internal Caradigm e-mail | CARADIGM0 0012795-834 | | relevance; FRE 403 |
| | 307 | Feb. 27, 2013 e-mail from J. Papesch to D. Martin | CARADIGM 00001040-41 | | relevance; FRE 403 |
| | 308 | Mar. 15, 2013 C. Winnyk e-mail to J. Papesch | CARADIGM0 0016441 | | relevance; FRE 403 |
| | 309 | Jan. 22, 2015 e-mail from S. Shihadeh to T. Mirkheshti and J. Papesch | CARADIGM0 0009627 | | relevance |
| | 310 | June 24, 2013 e-mail from J. Papesch to C. Winnyk | CARADIGM0 0016340 | | relevance |
| | 311 | Oct. 25, 2013 e-mail from S. Shihadeh to J. Papesch | CARADIGM0 0024209 | | |
| | 312 | Oct. 27, 2014 PowerPoint presentation by S. Bade and T. Mirkheshti | CARADIGM0 0012216-255 | | |
| | 313 | Nov. 29, 2014 e-mail from T. Mirkheshti to J. Duvall and M. Boyd | Pruitt00001295 -97 | | |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 314 | Jan. 12, 2015 e-mail from T. Mirkheshti to J. Papesch | CARADIGM 00009467 | | relevance; FRE 403 |
| | 315 | Jan. 12, 2015 e-mail from J. Papesch to T. Mirkheshti | CARADIGM0 0009430-36 | | relevance |
| | 316 | Jan. 16, 2015 e-mails between B. May and D. Fraticelli | CARADIGM0 0002084 | | relevance; hearsay |
| | 317 | Jan. 23, 2015 e-mails from S. Bade to B. May and T. Mirkheshti | CARADIGM0 0009647-48 | | relevance |
| | 318 | Jan. 23, 2015 e-mail from B. May to T. Mirkheshti | CARADIGM0 0009665-67 | | relevance; hearsay |
| | 319 | Mar. 12, 2015 e-mail from B. Chronister to S. Devarakonda, N. Singh, H.C. Dierks, and M. Robinson | CARADIGM0 0019112 | | relevance; FRE 407 |
| | 320 | Jan. 21, 2015 e-mail from T. Mirkheshti to J. Papesch | CARADIGM0 0009622 | | |
| | 321 | Feb. 5, 2015 PruittHealth Status | CARADIGM0 0022226-27 | | |
| | 322 | Feb. 15, 2013 PowerPoint presentation | CARADIGM0 0000542-80 | | relevance |
| | 323 | Mar. 7, 2013 PowerPoint presentation | CARADIGM0 0000362-70 | | relevance; FRE 403 |
| | 324 | Jan. 5, 2015 e-mail from B. Chronister to T. Mirkheshti | CARADIGM 00012697-98 | | relevance; |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 325 | Jan. 21, 2015 e-mail from B. May to T. Mirkheshti | CARADIGM 00013024-26 | | relevance; hearsay |
| | 326 | Jan. 5, 2015 e-mail from T. Mirkheshti to D. Fraticelli | CARADIGM0 0009322 | | relevance |
| | 327 | Dec. 19, 2014 e-mail from B. Chronister to D. Fraticelli | CARADIGM0 0019121-22 | | relevance |
| | 328 | Dec. 19, 2014 e-mail from B. Chronister to T. Mirkheshti | CARADIGM0 0009324-25 | | relevance |
| | 329 | Jan. 6, 2015 e-mail from T. Glover to C Winnyk, S. Devarkonda, KC Reasoner, D. Fraticelli, and T. Mirkheshti | CARADIGM0 0009347-48 | | relevance |
| | 330 | Jan. 5, 2015 e-mail from B. Chronister to T. Mirkheshti | CARADIGM0 0009562-66 | | relevance |
| | 331 | Dec. 19, 2014 e-mail from B. Chronister to H.C. Dierks | CARADIGM0 0019131-32 | | relevance |
| | 332 | Jan. 23, 2015 e-mail from KC Reasoner to S. Shihadeh, Tim Collins | CARADIGM0 0009634 | | relevance |
| | 333 | Jan. 8, 2015 email from H.C. Dierks to D. Fraticelli | CARADIGM0 0011413-14 | | relevance; hearsay |
| | 334 | Jan. 27, 2015 e-mail from H.C. Dierks to B. Chronister | CARADIGM0 0019077-78 | | relevance |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 335 | Presentation | CARADIGM00000219-20 | | relevance; hearsay; FRE 403 |
| | 336 | Apr. 5, 2013 e-mail from J. Papesch to D. Martin & C. Bryson | CARADIGM00022336-74 | | relevance; FRE 403 |
| | 337 | June 11, 2013 e-mail from E. Kendall to D. Martin | CARADIGM00023267-73 | | relevance |
| | 338 | Backgrounder on Pruitt | CARADIGM00001189-99 | | relevance |
| | 339 | July 10, 2013 Sales to Services Handover from J. Papesch | CARADIGM0000015309-29 | | |
| | 340 | CIP Implementation Methodology Phases Overview, June 2013 | CARADIGM00000344-52 | | relevance |
| | 341 | Aug. 18, 2014 Project Review | CARADIGM00007111-13 | | relevance |
| | 342 | Dec. 9, 2014 e-mail from D. Fraticelli to S. Devarakonda | CARADIGM00011671 | | relevance |
| | 343 | Jan. 9, 2015 e-mail from T. Glover to J. Duvall and M. Boyd | CARADIGM00009392 | | relevance |
| | 344 | Sept. 19, 2014 e-mail from T. Mirkheshti to J. Duvall | CARADIGM00007779 | | relevance |
| | 345 | July 9, 2014 IM messages between D. Fraticelli and A. Clarke | CARADIGM00020913 | | relevance |
| | 346 | July 9, 2014 e-mail from T. Mirkheshti to T. Gunther | CARADIGM00005098-101 | | relevance |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 347 | Dec. 12, 2014 IM messages between T. Glover and D. Fraticelli | CARADIGM0 0020831 | | relevance |
| | 348 | Jan. 8, 2015 e-mail from H.C. Dierks to D. Fraticelli | CARADIGM0 0011505 | | relevance |
| | 349 | Jan. 22, 2015 e-mail from D. Fraticelli to S. Devarakonda, T. Glover, & T. Mirkheshti | CARADIGM0 0018558-59 | | relevance |
| | 350 | Jan. 16, 2015 e-mail from D. Fraticelli to J. Duvall | CARADIGM0 0021405-06 | | relevance |
| | 351 | PruittHealth Billing Summary | CARADIGM 00000001 | | |
| | 352 | Feb. 10, 2015 e-mail from T. Mirkheshti to M. Simpson, S. Shihadeh, M. Robinson, KC Reasoner | CARADIGM0 0022244-48 | | |
| | 353 | Dec. 16, 2014 e-mail from J. Duvall to T. Glover | CARADIGM0 0014669 | | relevance |
| | 354 | Dec. 10, 2014 e-mail from T. Glover to C. Winnyk | CARADIGM0 0011190 | | relevance |
| | 355 | Dec. 9, 2014 IM messages between T. Glover and D. Fraticelli | CARADIGM0 0020837-38 | | relevance |
| | 356 | Dec. 12, 2014 IM messages between T. Glover and C. Winnyk | CARADIGM0 0010902 | | relevance |
| | 357 | Dec. 12, 2014 e-mail D. Fraticelli to R. Kannan and S. Devarakonda | CARADIGM0 0011649 | | relevance |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 358 | Jan. 20, 2015 Project Review | CARADIGM0 0009567-70 | | |
| | 359 | Jan. 26, 2015 e-mails between T. Glover and T. Mirkheshti | CARADIGM0 0009698 | | relevance |
| | 360 | Internal Report for PruittHealth by Tamara Glover | CARADIGM0 0010304-5 | | |
| | 361 | Internal Report for PruittHealth by Tamara Glover | CARADIGM0 0010335-7 | | relevance |
| | 362 | Jan. 6, 2015 e-mail from T. Glover to D. Wyman and D. Martin | Pruitt00000529 -30 | | |
| | 363 | Jan. 12, 2015 e-mail from T. Glover to D. Fraticelli & T. Mirkheshti | CARADIGM0 0009418-19 | | relevance |
| | 364 | Jan. 12, 2015 Project Review | CARADIGM0 0009425-29 | | |
| | 365 | Jan. 15, 2015 e-mail T. Glover to M. Robinson and KC Reasoner | CARADIGM0 0018501-3 | | relevance |
| | 366 | Jan. 16, 2015 e-mail from S. Devarakonda to D. Fraticelli, T. Glover, and T. Mirkheshti | CARADIGM0 0018514-16 | | relevance |
| | 367 | Jan. 22, 2015 IM exchange between T. Mirkheshti and T. Glover | CARADIGM0 0010864 | | relevance |
| | 368 | Jan. 28, 2015 e-mail from T. Mirkheshti to C. Winnyk and S. Devarakonda | CARADIGM0 0009736-7 | | relevance |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 369 | Jan. 5, 2015 e-mail from T. Mirkheshti to B. Chronister | CARADIGM0 0009319-20 | | relevance |
| | 370 | Jan. 13, 2015 e-mail from T. Mirkheshti to S. Shihadeh | CARADIGM0 0003710 | | relevance |
| | 371 | Jan 14, 2015 e-mail from T. Mirkheshti to K.C. Reasoner | CARADIGM0 0009474 | | relevance |
| | 372 | Jan. 14, 2015 e-mail from T. Mirkheshti to KC Reasoner | CARADIGM0 0009485-8 | | relevance; FRE 403 |
| | 373 | Jan. 15, 2015 e-mail from T. Mirkheshti to B. May | CARADIGM0 0009504-05 | | relevance; hearsay |
| | 374 | Jan 26, 2015 e-mail from T. Mirkheshti to S. Devarakonda | CARADIGM0 0009680-83 | | relevance |
| | 375 | Mar. 13, 2013 e-mail | CARADIGM0 0021896-920 | | relevance; FRE 403 |
| | 376 | Mar. 15, 2013 e-mail from J. Papesch to N. Pruitt | CARADIGM0 0022407-55 | | relevance; FRE 403 |
| | 377 | June 24, 2013 e-mail from J. Papesch to M. Meighan | CARADIGM0 0000852-64 | | relevance |
| | 378 | June 24, 2013 text message conversation between C. Winnyk and J. Papesch | CARADIGM0 0014227-29 | | relevance; FRE 403 |
| | 379 | Mar. 13, 2013 e-mail from S. Devarakonda to C. Winnyk & M. Hopmere | CARADIGM0 0016484 | | relevance; FRE 403 |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 380 | Oct. 27, 2014 e-mail from C. Winnyk to J. Duvall and M. Boyd | Pruitt00001350-1 | | |
| | 381 | Dec. 4, 2014 Meeting OneNote entry | CARADIGM00014147-8 | | relevance; FRE 403 |
| | 382 | Dec. 19, 2014 IM between T. Glover and C. Winnyk | CARADIGM00014288-9 | | relevance; FRE 403; hearsay |
| | 383 | Oct. 3, 2014 e-mail from J. Duvall to T. Mirkheshti | Pruitt00003239-44 | | relevance; hearsay |
| | 384 | June 30, 2014 e-mail from J. Duvall to T. Mirkheshti and M. Boyd | CARADIGM00004466-9 | | relevance |
| | 385 | July 9, 2014 e-mail from T. Mirkheshti to J. Duvall, M. Boyd, R. Bailey | Pruitt00003526-31 | | relevance |
| | 386 | June 10, 2015 Amalga Write-Up | Pruitt0007133-5 | | relevance; hearsay |
| | 387 | Nov. 13, 2012 e-mail | Pruitt00005335-42 | | relevance; FRE 403 |
| | 388 | Todd Gunther One Note | CARADIGM00012025-99 | | relevance; FRE 403; hearsay |
| | 389 | Aug. 15, 2014 e-mail from J. Duvall to D. Fraticelli | Pruitt00000746 | | relevance |
| | 390 | | CARADIGM00025016 | | relevance; FRE 701 |
| | 391 | | CARADIGM00025017 | | relevance; FRE 701 |
| | 392 | | CARADIGM00016857-59 | | relevance; FRE 403 |

| | Defendant Exhibit No. | Document | Bates No. | Date Admitted | Objection |
|---|---|---|---|---|---|
| | 393 | | CARADIGM0 0019847-51 | | relevance |
| | 394 | | Pruitt00001300 -18 | | relevance |
| | 395 | | CARADIGM0 0020576-77 | | relevance |
| | 396 | | CARADIGM0 00222285-87 | | relevance |
| | 397 | | CARADIGM0 0006294-6360 | | relevance |
| | 398 | | CARADIGM0 0004950-54 | | relevance |
| | 399 | | CARADIGM0 004958-63 | | relevance; FRE 403 |
| | 400 | | CARADIGM0 0019606-09 | | relevance; FRE 701 |
| | 401 | | CARADIGM0 0019599-603 | | relevance; FRE 701 |
| | 402 | | CARADIGM0 0019769 | | relevance; FRE 701 |
| | 403 | | CARADIGM0 0000059-66 | | |

Plaintiff cannot predict how Defendant will seek to introduce or use the above-listed exhibits at trial and therefore reserves the right to object to the improper use of such exhibits.

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CARADIGM USA LLC,

     Plaintiff,

v.

PRUITTHEALTH, INC.,

     Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

## ATTACHMENT "J-2"
## DEFENDANT'S OBJECTIONS TO JOINT EXHIBITS
## AND PLAINTIFF'S EXHIBIT LIST

Subject to and without waiving other objections as to the admissibility of any exhibits included on the Joint Exhibit List and Plaintiff's Exhibit List, Defendant provides this list of objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits listed. Defendant cannot predict how Plaintiff will seek to introduce or use the listed exhibits at trial and, therefore, reserves the right to object to the improper use of such exhibits.

|  | Trial Exhibit No. | Bates No. | Objection |
|---|---|---|---|
|  | 005 | N/A | Defendant objects that the document is not relevant to the issue of damages. |
|  | 006 | N/A | Defendant objects that the document is not relevant to the issue of damages. |
|  | 007 | N/A | Defendant objects that the document is not relevant to the issue of damages. |

|  | Trial Exhibit No. | Bates No. | Objection |
|---|---|---|---|
|  | 020 | CARADIGM000 25076-84 | Defendant objects to the document's authenticity and competency. Defendant further objects that the document is not relevant to the issue of damages. |
|  | 036 | Pruitt00006545-48 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 037 | Pruitt00004434 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 038 | CARADIGM000 23498 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 040 | Pruitt00004388 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 041 | CARADIGM000 24398 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 042 | Pruitt00004161-62 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 043 | Pruitt00000016-17 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 046 | Pruitt00000193 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 047 | Pruitt00000220-25 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 048 | Pruitt00006311-12 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 049 | CARADIGM000 24339 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 052 | Pruitt00003674-76 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 053 | CARADIGM000 04314 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 057 | Pruitt00000188-89 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 061 | Pruitt00000187 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 070 | Pruitt00001493-95 | Defendant objects that the document is not relevant to the issue of damages. |

|  | Trial Exhibit No. | Bates No. | Objection |
|---|---|---|---|
|  | 089 | Pruitt00002066-67 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 090 | Pruitt00001282-85 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 092 | CARADIGM00014648 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 105 | Pruitt00009643-49 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 106 | Pruitt00009882-87 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 115 | Pruitt00001223-24 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 116 | Pruitt00000531-34 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 117 | CARADIGM00011534-35 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 135 | Pruitt00001740 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 136 | Pruitt00009610-11 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 137 | Pruitt00010187-89 | Defendant objects that the document is not relevant to the issue of damages and contains privileged information. |
|  | 138 | Pruitt00010191-93 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 142 | Pruitt00001707 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 148 | Pruitt00001706 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 149 | Pruitt00000151 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 153 | CARADIGM00016166-67 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 154 | CARADIGM00009823 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 155 | Pruitt00001705 | Defendant objects that the document is not relevant to the issue of damages. |

|  | Trial Exhibit No. | Bates No. | Objection |
|---|---|---|---|
|  | 157 | CARADIGM000 09814-15 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 159 | CARADIGM000 14751 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 160 | Pruitt00010190 | Defendant objects that the document is not relevant to the issue of damages and contains privileged information. |
|  | 161 | CARADIGM000 00690 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 162 | CARADIGM000 09859 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 164 | CARADIGM000 09886-87 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 165 | CARADIGM000 10341-42 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 166 | CARADIGM000 09888-89 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 167 | Pruitt00001690-96 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 168 | Pruitt00001197-98 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 169 | Pruitt00007437-41 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 170 | CARADIGM000 10047 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 171 | Pruitt00010124-35 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 172 | Pruitt00007366-77 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 173 | Pruitt00009819-20 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 177 | Pruitt00009806 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 178 | CARADIGM000 25283-84 | Defendant objects that the document is not relevant to the issue of damages. |
|  | 182 | Pruitt00000204-08 | Defendant objects that the document is not relevant to the issue of damages. |

|  | Trial Exhibit No. | Bates No. | Objection |
|---|---|---|---|
|  | 183 | Affidavit of Ian Ratner and attached materials | Defendant objects to the competency of the documents and Mr. Ratner's testimony. |
|  | 184 | Ratner Schedules Footnote Binder 1 of 1 | Defendant objects to the competency of the documents and Mr. Ratner's testimony. |

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CARADIGM USA LLC,

    Plaintiff,

    v.

PRUITTHEALTH, INC.,

    Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

## ATTACHMENT "K-1"
## PLAINTIFF'S DEPOSITION DESIGNATIONS

**Deposition of Benjamin Chronister taken on June 30, 2016.**

| BEGIN PAGE:LINE | END PAGE:LINE |
|:---:|:---:|
| Chronister, Benjamin | |
| 6:5 | 6:16 |
| 20:24 | 23:18 |
| 26:6 | 28:11 |
| 30:2 | 31:9 |
| 32:2 | 33:2 |
| 35:19 | 36:8 |
| 37:13 | 38:6 |
| 43:18 | 44:21 |
| 53:25 | 55:5 |
| 57:22 | 58:7 |
| 59:2 | 60:3 |
| 72:17 | 77:6 |
| 81:13 | 82:22 |
| 83:6 | 83:22 |
| 123:15 | 124:17 |
| 129:4 | 131:16 |
| 132:7 | 133:7 |
| 155:2 | 156:15 |
| 161:24 | 163:5 |

| BEGIN PAGE:LINE | END PAGE:LINE |
|---|---|
| 164:7 | 164:20 |
| 170:3 | 170:21 |
| 199:4 | 199:23 |
| 211:24 | 222:15 |

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CARADIGM USA LLC,

    Plaintiff,

v.

PRUITTHEALTH, INC.,

    Defendant.

CIVIL ACTION

FILE NO.: 1:15-cv-2504-SCJ

## ATTACHMENT "K-2"
## DEFENDANT'S DEPOSITION DESIGNATIONS

**Deposition of Joseph Papesch taken on May 17, 2016.**

| Designations | Cross Designations/Objections |
| --- | --- |
| Cover page, Page 1 | |
| 15:15-22 | |
| 25:23-26:20 | |
| 31:23-32:14 | |
| 55:23-56:7 | |
| 58:24-59:23 | |
| 60:3-61:15 | |
| 62:11-20 | |
| 64:18-67:7 | |
| 67:14-69:2 | |
| 69:10-19 | |
| 73:18-74:12 | |
| 74:25-75:6 | |
| 76:24-80:7 | |
| 81:15-17 | |
| 91:24-93:9 | |
| 111:23-113:15 | |
| 122:18-124:9 | |

| Designations | Cross Designations/Objections |
|---|---|
| 127:13-128:11 | |
| 138:15-139:4 | |
| 150:8-151:3 | |
| 155:7-156:7 | |
| 156:25-157:4 | |
| 174:2-9 | |
| 174:22-25 | |
| 175:21-177:14 | |
| 182:11-183:13 | |
| 184:7-19 | |
| 198:4-199:2 | |
| 199:7-19 | |
| 199:23-200:10 | |

**Deposition of Sameer Bade taken on June 27, 2016.**

| Designations | Cross Designations/Objections |
|---|---|
| Cover page, Page 1 | |
| 16:3-7 | |
| 48:22-49:22 | |
| 52:21-54:23 | |
| 61:20-25 | |
| 62:2-63:12 | |
| 64:24-66:11 | |
| 69:12-71:2 | |
| 74:17-77:15 | |
| 84:6-19 | |
| 86:11-15 | |
| 91:9-92:4 | |
| 104:5-106:5 | |
| 117:15-118:11 | |
| 118:24-119:2 | |
| 122:12-123:19 | |
| 124:2-20 | |
| 125:20-126:10 | |
| 131:16-20 | |
| 133:5-139:13 | |

| Designations | Cross Designations/Objections |
|---|---|
| 139:16-147:6 | |
| 147:9-18 | |
| 148:14-149:3 | |
| 149:6-11 | |

**Deposition of Benjamin Chronister taken on June 30, 2016.**

| Designations | Cross Designations/Objections |
|---|---|
| Cover page, Page 1 | |
| 10:16-25 | |
| 11:6-12:21 | |
| 15:12-16:22 | |
| 27:23-28:2 | |
| 28:12-15 | |
| 37:14-38:6 | |
| 38:17-40:7 | |
| 48:3-15 | |
| 48:16-49:24 | |
| 50:21-52:23 | |
| 54:24-55:3 | |
| 62:24-63:16 | |
| 71:3-8 | |
| 71:14-25 | |
| 72:17-73:11 | |
| 73:21-74:4 | |
| 74:10-75:11 | |
| 76:12-18 | |
| 81:13-15 | |
| 85:11-86:12 | |
| 87:17-88:25 | |
| 94:19-95:6 | |
| 96:21-97:7 | |
| 99:7-14 | |
| 99:23-102:9 | |
| 114:2-116:11 | |
| 128:18-129:2 | |
| 124:3-17 | |

| Designations | Cross Designations/Objections |
|---|---|
| 136:2-15 | |
| 138:20-139:5 | |
| 148:16-149:5 | |
| 150:13-24 | |
| 151:25-152:13 | |
| 161:24-162:23 | |
| 164:7-23 | |
| 165:21-168:10 | |
| 175:25-177:8 | |
| 182:7-19 | |
| 183:23-185:9 | |
| 194:17-195:12 | |

**Deposition of Tamara Glover taken on July 20, 2016.**

| Designations | Cross Designations/Objections |
|---|---|
| Cover page, Page 1 | |
| 20:16-21:13 | |
| 83:7-10 | |
| 83:22-84:17 | |
| 101:15-102:25 | |
| 112:10-22 | |
| 115:4-17 | |
| 119:15-23 | |
| 130:5-131:12 | |
| 137:15-23 | |
| 138:3-141:25 | |
| 142:20-143:5 | |
| 153:8-155:3 | |
| 160:2-14 | |
| 166:25-167:7 | |
| 177:17-178:6 | |
| 189:13-190:17 | |
| 192:13-194:24 | |
| 195:4-16 | |
| 205:11-19 | |
| 207:23-209:21 | |

| Designations | Cross Designations/Objections |
|---|---|
| 210:11-24 | |
| 213:8-217:4 | |

**Deposition of Tina W. Mirkheshti taken on July 26, 2016.**

| Designations | Cross Designations/Objections |
|---|---|
| Cover page, Page 1 | |
| 14:24-15:17 | |
| 29:6-30:18 | |
| 34:11-18 | |
| 36:8-37:23 | |
| 68:22-69:11 | |
| 75:2-78:2 | |
| 80:17-25 | |
| 101:4-15 | |
| 120:22-123:17 | |
| 123:23-126:3 | |
| 126:4-20 | |
| 130:18-131:16 | |
| 135:21-136:2 | |
| 139:16-142:3 | |
| 144:6-146:24 | |
| 166:9-11 | |
| 173:10-174:15 | |
| 174:20-175:12 | |
| 206:4-207:10 | |
| 224:7-225:10 | |
| 226:13-230:17 | |
| 235:25-238:11 | |
| 249:15-253:3 | |
| 253:13-254:20 | |
| 255:11-256:16 | |
| 256:20-257:11 | |
| 262:7-263:4 | |
| 264:5-265:17 | |
| 267:12-269:5 | |
| 307:11-16 | |

| Designations | Cross Designations/Objections |
|---|---|
| 307:19-308:7 | |
| 309:13-24 | |

**Deposition of Chris A. Winnyk taken on October 5, 2016.**

| Designations | Cross Designations/Objections |
|---|---|
| Cover page, Page 1 | |
| 14:25-15:18 | |
| 38:19-39:11 | |
| 49:8-50:5 | |
| 56:7-20 | |
| 58:1-61:9 | |
| 62:4-64:19 | |
| 71:25-72:11 | |
| 72:14-74:23 | |
| 94:16-95:6 | |
| 96:11-97:25 | |
| 99:12-18 | |
| 127:24-129:16 | |
| 144:20-146:15 | |
| 147:18-22 | |
| 150:25-151:8 | |
| 168:13-24 | |
| 170:11-171:16 | |
| 172:21-174:13 | |
| 193:8-194:16 | |
| 197:1-8 | |
| 203:9-204:18 | |

**30(b)(6) Deposition of Caradigm USA LLC, by and through its Representative David Fraticelli, taken on July 7, 2016.**

| Designations | Cross Designations/Objections |
|---|---|
| Cover page, Page 1 | |
| 25:4-31:5 | |
| 31:22-34:19 | |

| Designations | Cross Designations/Objections |
|---|---|
| 36:10-38:11 | |
| 48:19-49:3 | |
| 49:6-50:4 | |
| 51:14-21 | |
| 58:2-16 | |
| 63:7-65:8 | |
| 75:2-77:9 | |
| 77:15-80:22 | |
| 86:8-22 | |
| 90:10-19 | |
| 94:25-95:10 | |
| 108:16-19 | |
| 110:10-14 | |
| 112:10-16 | |
| 113:10-16 | |
| 115:20-116:8 | |
| 116:20-119:7 | |
| 126:12-129:23 | |
| 130:4-11 | |
| 130:17-20 | |
| 133:6-12 | |
| 134:7-20 | |
| 150:11-151:7 | |
| 163:16-164:10 | |
| 170:2-5 | |
| 173:2-5 | |
| 186:10-16 | |
| 188:9-189:12 | |
| 195:2-7 | |
| 197:14-24 | |
| 213:12-15 | |
| 213:19-214:2 | |
| 301:20-25 | |
| 303:11-304:10 | |
| 307:24-308:4 | |
| 308:16-20 | |
| 352:10-353:21 | |
| 417:20-421:3 | |

| Designations | Cross Designations/Objections |
|---|---|
| 427:2-6 | |
| 427:16-429:7 | |
| 431:9-13 | |
| 448:20-24 | |
| 460:4-12 | |
| 464:12-24 | |
| 474:20-475:4 | |
| 495:10-18 | |
| 530:5-9 | |
| 530:21-531:12 | |
| 562:11-563:5 | |
| 565:12-23 | |
| 572:2-573:23 | |
| 582:3-17 | |
| 584:21-585:24 | |